KIRK ET AL., APPELLANTS, *v.* JIM WALTER HOMES, INC., APPELLEE.

(No. CA-665—Decided September 4, 1987.)

*Inscore, Rinehart, Whitney & Enderle* and *Larry L. Inscore,* for appellants.

*Howard E. Hall, Taft, Stettinius & Hollister, R. Joseph Parker* and *Timothy C. Sullivan,* for appellee.

MILLIGAN, J. Plaintiffs-appellants, Walter J. Kirk, Jr. and Betty L. Kirk, husband and wife, sued defendant-

appellee, Jim Walter Homes, Inc., for breach of the implied warranty to construct in a workmanlike manner. The construction contract provided that appellee was to construct the shell of a residence, specifically, the foundation, frame, siding, roof and floors. Appellee also agreed to install insulation and paint the exterior.

Appellee moved the Morrow County Court of Common Pleas for summary judgment on grounds that the statute of limitations had run on appellants' cause of action. It argued specifically that the action was an action in tort, and governed by R.C. 2305.09(D). Appellants agreed that if the four-year period of R.C. 2305.09 (D) applies, their claim is time-barred. Appellants argued instead that their claim is a claim in contract, and therefore governed by the fifteen-year statute of limitations provided in R.C. 2305.06.

The trial court granted summary judgment in favor of appellee, ruling that the implied warranty claim was one sounding in tort, and governed by R.C. 2305.09(D). The court specifically relied on the Ohio Supreme Court's decision in *Velotta* v. *Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St. 2d 376, 23 O.O. 3d 346, 433 N.E. 2d 147.

Appellants assign a single error:
"The trial court erred in granting the motion of defendant-appellee for summary judgment."

The issue in this case is whether a claim for breach of the implied warranty of workmanlike construction is a tort or contract claim (*i.e., ex delicto* or *ex contractu*).

The warranty action has always presented a problem of characterization. See Note, Use of the Comparative Negligence Doctrine in Warranty Actions (1984), 45 Ohio St. L. J. 763, 766-770 (discussing the history of the warranty action). Dean Prosser char-

acterized the warranty action as a "freak hybrid born of the illicit intercourse of tort and contract." Prosser, The Assault Upon the Citadel (Strict Liability to the Consumer) (1960), 69 Yale L. J. 1099, 1126. See, also, White & Summers, Handbook of the Law Under the Uniform Commercial Code (2 Ed. 1980) 343, Section 9-6 (implied warranty of merchantability action described as "a first cousin" to a negligence lawsuit or to strict tort liability).

The trial court relied on *Velotta, supra,* to find appellants' workmanlike construction warranty claim to be a claim in tort. The Supreme Court held in paragraph one of the syllabus in *Velotta:*

"An action by a vendee against the builder-vendor of a *completed residence* for damages proximately caused by failure to construct in a workmanlike manner using ordinary care — *a duty imposed by law* — is an action in tort to which the four-year statute of limitations set forth in R.C. 2305.09(D) applies." (Emphasis *sic.*)

The court's emphasis on the fact of a "completed residence" is further stressed in a footnote to the opinion:

"We express no opinion as to whether a different result would be reached were the contract herein one to build a residence in the future or one to complete a partially constructed residence. See, *e.g., Lloyd* v. *William Fannin Bldrs.* (1973), 40 Ohio App. 2d 507, where the parties had entered into a contract for the sale of a residence to be constructed by the builder-vendor, and the court held the obligation to construct in a workmanlike manner arises *ex contractu.*" *Velotta, supra,* at 378, 23 O.O. 3d at 347, 433 N.E. 2d at 150, fn. 2.

Appellee relies on *Elizabeth Gamble Deaconess Home Assn.* v. *Turner Constr. Co.* (1984), 14 Ohio App. 3d 281, 14 OBR 337, 470 N.E. 2d 950, for

the proposition that the *Velotta* analysis applies to a contract to build a partially constructed residence. The Hamilton County Court of Appeals held in *Turner Constr. Co.* that the holding of *Velotta,* that the implied warranty of workmanlike construction is an action in tort, must logically apply to the same warranty as to future construction. *Turner Constr. Co., supra,* at 286, 14 OBR at 343, 470 N.E. 2d at 957, fn. 6.

We likewise hold that the logic of *Velotta* requires that the action for breach of the implied warranty of workmanlike construction for partial construction of a residence is an action in tort.[1] In addition, *Velotta* reserved judgment where the contract was one to complete a partially constructed residence. In the case at bar, appellants agreed to complete the partially constructed residence which appellee built. Therefore, the four-year statute of limitations of R.C. 2305.09 (D) applies to such actions, and the trial court's grant of summary judgment was proper.

The assignment of error is overruled.

---

[1] This case is another example of the doctrinal dialectic between tort law and the law of contract. Other examples are found in the area of consumer law, products liability law, property law, landlord-tenant law and domestic relations law. The trend has been a fulfillment of Professor Gilmore's prophecy of the death of contract. Gilmore, The Death of Contract (1974) 87 ("* * * [W]hat is happening is that 'contract' is being reabsorbed into the mainstream of 'tort.' "). Paradigms have been constructed to explain this merger into the so-called *sui generis* "contort." See Posner, Law and Economics (3 Ed. 1986) (economic efficiency is the unifying dynamic force in the common law); Cooter, Unity in Tort, Contract, and Property: The Model of Precaution (1985), 73 Calif. L. Rev. 1. *Velotta* and its progeny are but another component of this assault upon the citadel.

The judgment of the Court of Common Pleas of Morrow County is affirmed.

*Judgment affirmed.*

PUTMAN, P.J., and HOFFMAN, J., concur.