**SHORTER, Appellant,**

v.

**NEAPOLITAN, Appellee.**

[Cite as *Shorter v. Neapolitan*, 179 Ohio App.3d 608, 2008-Ohio-6597.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 07 MA 165.

Decided Dec. 9, 2008.

Community Legal Aid Services, Inc. and Patricia Dougan, for appellant.

Law Offices of Craig S. Cobb and Craig S. Cobb, for appellee.

---

WAITE, Judge.

{¶ 1} Appellant, Melissa Shorter, filed a complaint against her landlord for negligence, breach of contract, breach of implied warranty of habitability, and violation of statutory duties. The complaint was dismissed due to the expiration of the two-year statute of limitations for injury to personal property, R.C. 2305.10(A). The complaint was filed two and one-half years after an electrical fire damaged the leased home. It is clear from the allegations in the complaint that appellant sought relief both for personal-property damage and damages arising from the fact that the premises became uninhabitable after the fire. Appellant's claim for monetary damages due to the destruction of her personal property is barred by the two-year statute of limitations in R.C. 2305.10(A). Her claim for a breach of an implied warranty of habitability, on the other hand, is governed by a four-, six- or 15-year statute of limitations. The breach-of-implied-warranty claim was filed prior to expiration of the applicable statute of limitations, and the trial court should not have dismissed this claim. The judgment of the Youngstown Municipal Court is hereby reversed with respect to the claim for breach of warranty of habitability.

## CASE FILINGS AND POSTINGS

{¶ 2} Appellant filed her complaint on March 6, 2006. The complaint contained four allegations: breach of contract, violation of R.C. 5321.04, breach of implied warranty of habitability, and negligence per se. The complaint alleged that an electrical fire on September 9, 2003, damaged appellant's personal property. Appellee Carmen Neapolitan filed an answer on April 11, 2006. Appellee filed a motion for summary judgment on April 9, 2007, arguing that the two-year statute of limitations for injury to personal property found in R.C. 2305.10(A) barred appellant's claims. Appellant filed a response. The trial court granted appellee's motion for summary judgment on July 24, 2007. This timely appeal followed.

## ASSIGNMENTS OF ERROR

{¶ 3} "The Trial Court committed reversible error when it granted Defendant's Motion for Summary Judgment by holding that Plaintiff's claims for breach of statutory duty were not brought in a timely manner."

{¶ 4} "The Trial Court committed reversible error in granting Defendant's Motion for Summary Judgment by holding that Plaintiff's claim for breach of contract was not brought in a timely manner."

{¶ 5} "The Trial Court committed reversible error when it granted Defendant's Motion for Summary Judgment by holding that Plaintiff's claims for Breach of Warranty of Habitability were not brought in a timely manner."

{¶ 6} Appellant's assignments of error all challenge the trial court's decision to grant summary judgment to appellee due to the expiration of the statute of limitations. When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court and, therefore, engages in a de novo review. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121. Under Civ.R. 56, summary judgment is proper only when the movant demonstrates that viewing the evidence most strongly in favor of the nonmovant, reasonable minds must conclude that no genuine issue as to any material fact remains to be litigated, and the moving party is entitled to judgment as a matter of law. *Doe v. Shaffer* (2000), 90 Ohio St.3d 388, 390, 738 N.E.2d 1243. A fact is material when it affects the outcome of the suit under the applicable substantive law. *Russell v. Interim Personnel, Inc.* (1999), 135 Ohio App.3d 301, 304, 733 N.E.2d 1186.

{¶ 7} When moving for summary judgment, a party must produce some facts that suggest that a reasonable factfinder could rule in his or her favor. *Brewer v. Cleveland Bd. of Edn.* (1997), 122 Ohio App.3d 378, 386, 701 N.E.2d 1023. "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.*" (Emphasis sic.) *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264. The nonmoving party has the reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293, 662 N.E.2d 264.

{¶ 8} There is no lease agreement in the record, and thus, there are no specific lease provisions appellant might rely on to overcome summary judgment. Nevertheless, the fact that appellant has alleged the existence of a lease triggers the application of R.C. 5321.04, setting forth a list of statutory duties that apply to any residential landlord who is a party to a lease agreement. R.C. 5321.04 does not contain or refer to any specific statute of limitations or limitations period. R.C. 5321.04(A) states:

{¶ 9} "(A) A landlord who is a party to a rental agreement shall do all of the following:

{¶ 10} "(1) Comply with the requirements of all applicable building, housing, health, and safety codes that materially affect health and safety;

{¶ 11} "(2) Make all repairs and do whatever is reasonably necessary to put and keep the premises in a fit and habitable condition;

{¶ 12} " * * *

{¶ 13} "(4) Maintain in good and safe working order and condition all electrical, plumbing, sanitary, heating, ventilating, and air conditioning fixtures and appliances, and elevators, supplied or required to be supplied by him;

{¶ 14} " * * *

{¶ 15} "(6) Supply running water, reasonable amounts of hot water, and reasonable heat at all times, except where the building that includes the dwelling unit is not required by law to be equipped for that purpose, or the dwelling unit is so constructed that heat or hot water is generated by an installation within the exclusive control of the tenant and supplied by a direct public utility connection."

{¶ 16} Appellant's complaint describes two types of injury. She contends that she was "deprived of the use of her property," and she also alleges that she and her family were "deprived of the use of their home." First, she sets forth that her personal property was destroyed by fire, water, and smoke. She seeks damages for the value of the personal property that was destroyed. As will be explained below, this claim is barred by the two-year statute of limitations found in R.C. 2305.10. Her second claim is for breach of a warranty of habitability, either implied, contractual, or statutory, based on the duties imposed by R.C. 5321.04(A). Based on the record before us, appellant may be able to recover damages arising from a breach of a warranty of habitability, even if her claim for loss or damage to personal property is barred.

{¶ 17} Appellant attempts to argue that her personal-property claim should be governed by the six-year statute of limitations governing breach of statutory duty, or the six- or 15–year statute of limitations for breach of contract. As correctly noted by the trial court's judgment entry, the statute of limitations that applies in a particular case does not depend on the form of the pleadings or the headings in the complaint, but on the actual nature of the subject matter of the complaint. *Hunter v. Shenango Furnace Co.* (1988), 38 Ohio St.3d 235, 237, 527 N.E.2d 871; *Helman v. EPL Prolong, Inc.* (2000), 139 Ohio App.3d 231, 243, 743 N.E.2d 484.

{¶ 18} We agree with appellee that appellant's claim for damage to her personal property is governed by the two-year statute of limitations in R.C. 2305.10, regardless of whether it is framed as a tort claim, a contract claim, or a warranty-of-habitability claim. R.C. 2305.10(A) states: "(A) Except as provided

in division (C) or (E) of this section, an action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues."

{¶ 19} "[W]hether a suit is brought in contract or tort, when the 'essence' of an action is wrongful harm to person or personal property, the R.C. 2305.10 statute of limitations is the appropriate one to apply." *Ressallat v. Burglar & Fire Alarms, Inc.* (1992), 79 Ohio App.3d 43, 49, 606 N.E.2d 1001. "A finding that this action sounds in contract would not entitle [the plaintiff] to different damages than it might recover in tort. Such a finding would only extend the limitations period for bringing the action." *JRC Holdings, Inc. v. Samsel Servs. Co.*, 166 Ohio App.3d 328, 2006-Ohio-2148, 850 N.E.2d 773, ¶ 20. "[R.C. 5321.04] did not create new liabilities based upon statutes. Rather, it expanded and redefined pre-existing common law rights. * * * Therefore, since appellant's cause of action is grounded in tort, it is governed by the two-year statute of limitations found in O.R.C. § 2305.10." *Daniels v. Thompson* (Apr. 25, 1985), 8th Dist. No. 49015, 1985 WL 7992, at *3–4.

{¶ 20} Appellant relies on *Porterfield v. Bank One Ohio Trust Co.* (Sept. 9, 1997), 10th Dist. No. 97APE05–602, 1997 WL 566197, for the proposition that a contract claim that happens to have a property-damage component may be governed by the longer statute of limitations applicable to contract disputes rather than the two-year statute of limitations for injury to personal property. *Porterfield* focused on whether or not Bank One promised to pay the plaintiff's automobile insurance policy, which had lapsed due to nonpayment. *Porterfield* held that the six-year statute of limitations for oral contract applied, even though one of the ultimate issues in the case was the cost of repairing the plaintiff's automobile. The two-year statute of limitations for personal-injury actions was not applied because "[t]here is no contention that Bank One somehow caused the damage to plaintiff's automobile." Id. at *3. *Porterfield* does not support appellant's arguments with respect to her personal-property claims. She has clearly alleged that appellee's actions, or failure to act, caused the fire in her apartment, which in turn caused damage to her personal property. She wants appellee to pay for the personal property appellee damaged. The complaint, including the contractual claim, makes a direct causal link between appellee's actions and the damage to the personal property, unlike the allegations in *Porterfield*. Thus, the essence of appellant's tort and contract claims is that appellee was negligent and that this negligence resulted in damage to appellant's personal property. These claims are barred by the two-year statute of limitations in R.C. 2305.10(A).

{¶ 21} Appellant also argues that R.C. 2305.07 should apply here, referring to the six-year statute of limitations for "liability created by statute other than a

forfeiture or penalty." She contends that her landlord violated a number of provisions of R.C. 5321.04, including failure to comply with health and safety codes, failing to make repairs to keep the property in a fit and habitable condition, and failing to maintain in good and safe working order all electrical fixtures and appliances. Appellant cites *McAuliffe v. W. States Import Co., Inc.* (1995), 72 Ohio St.3d 534, 651 N.E.2d 957, for the proposition that the longer six-year statute of limitations applies to a cause of action that would not otherwise exist but for a statute. She submits that apart from R.C. 5321.04, a landlord has blanket immunity from liability to tenants except for claims based on specific terms of the lease agreement. Appellant contends that causes of action arising from R.C. 5321.04 exist exclusively by virtue of the statute itself. Thus, she believes the six-year statute of limitations for liability created by statute should apply.

{¶ 22} Although appellant is correct that a specific statute, R.C. 5321.04(A), directly addresses some of the claims she set forth in her complaint, that fact in and of itself does not allow the six-year statute of limitations for "liability created by statute," R.C. 2305.07, to apply. The Supreme Court of Ohio has interpreted the phrase "liability created by statute" to refer to a liability that would not exist but for the statute. *McAuliffe*, 72 Ohio St.3d 534, 538, 651 N.E.2d 957, 960. "Any statutory 'modification, alteration or conditioning' of a common-law cause of action which falls short of creating a previously unavailable cause of action is not 'an action * * * upon a liability created by statute.'" Id. at paragraph one of the syllabus.

{¶ 23} Long before the passage of R.C. 5321.04 in 1974, landlords in Ohio were immune from most tort claims arising from defective rental premises. *Stackhouse v. Close* (1911), 83 Ohio St. 339, 94 N.E. 746; *Cooper v. Roose* (1949), 151 Ohio St. 316, 39 O.O. 145, 85 N.E.2d 545. This immunity was not absolute, though, and even as early as 1877, the Ohio Supreme Court acknowledged that special circumstances could be found to impose tort liability on a landlord. *Shindelbeck v. Moon* (1877), 32 Ohio St. 264.

{¶ 24} In 1981, the Ohio Supreme Court held that landlord immunity had been abrogated in Ohio, that tort causes of action had been available for tenants against landlords in addition to the liability created by R.C. 5321.04, and that there was "common law support in Ohio for holding the landlord liable for breach of a duty to repair." *Shroades v. Rental Homes, Inc.* (1981), 68 Ohio St.2d 20, 23, 22 O.O.3d 152, 427 N.E.2d 774. Based on these holdings, we may safely conclude that R.C. 5321.04 was not the initial impetus for imposing various types of liability against landlords in Ohio and that landlord liability would continue to exist with or without the statute. R.C. 5321.04 added to, rather than created, landlord liability in Ohio. For this reason, we must conclude that a six-year

statute of limitations for "liability created by statute"—meaning liability that would not exist but for a statute—does not apply to claims arising from R.C. 5321.04.

{¶ 25} There are a variety of recent cases that have similarly held that R.C. Chapter 5321 merely expands existing common law remedies rather than creating new ones, and that the six-year statute of limitations for liability created by statute does not apply to cases arising from landlord violations of the duties imposed by R.C. 5321.04. *Segal v. Zehman–Wolf Mgt., Inc.* (2000), 139 Ohio App.3d 146, 743 N.E.2d 425; *Pummill v. Carnes,* 4th Dist. No. 02CA2659, 2003-Ohio-1060, 2003 WL 896349; see also *Daniels v. Thompson,* 8th Dist. No. 49015, 1985 WL 7992.

{¶ 26} Appellant presents no other viable arguments to distinguish her personal-property claim from any other personal-property claim subject to the two-year statute of limitations in R.C. 2305.10. Appellant's claim for implied warranty of habitability is another matter, though. Even if we agree with appellee that the six-year statute of limitations for rights solely created by statute does not apply to any of appellant's claims, that does not ultimately determine which statute of limitations does apply. We have found no specific case law setting forth the applicable statute of limitations for the implied warranty of habitability pursuant to R.C. 5321.04. Implied warranties are a hybrid of both tort and contract law and are often difficult to categorize. *Kirk v. Jim Walter Homes, Inc.* (1987), 41 Ohio App.3d 128, 129, 534 N.E.2d 1235. Some implied warranties, such as the implied warranty of good workmanship when building a house, are said to arise out of contract and are subject to the contractual statute of limitations. *Kishmarton v. William Bailey Constr., Inc.* (2001), 93 Ohio St.3d 226, 229, 754 N.E.2d 785. A written contract is subject to a 15–year statute of limitations. An oral contract must be brought within a six-year statute of limitations. R.C. 2305.06, 2305.07. An implied warranty of fitness for a particular purpose, though, generally arises out of tort, even if it involves the building or repair of a house. *Aglinsky v. Cleveland Builders Supply Co.* (1990), 68 Ohio App.3d 810, 589 N.E.2d 1365; *Barton v. Ellis* (1986), 34 Ohio App.3d 251, 518 N.E.2d 18. In these types of implied warranty tort cases, the four-year statute of limitations in R.C. 2305.09(D) generally applies: "For an injury to the rights of the plaintiff not arising on contract nor enumerated in sections 1304.35, 2305.10 to 2305.12, and 2305.14 of the Revised Code."

{¶ 27} Some cases outside of Ohio liken an implied warranty of habitability to an action in quasi-contract arising as a matter of law. See, e.g., *Friends of Children, Inc. v. Marcus* (1994), 46 Ark.App. 57, 876 S.W.2d 603. In Ohio, a quasi-contract is governed by the six-year statute of limitations for oral contracts.

*Drozeck v. Lawyers Title Ins. Corp.* (2000), 140 Ohio App.3d 816, 823, 749 N.E.2d 775.

 {¶ 28} Thus, an implied warranty of habitability may be subject to a four-, six-, or 15-year statute of limitations, but not to the two-year statute of limitations for injury to personal property. Appellant brought her claim less than three years after her leased premises was damaged by fire. No matter which of the three statutes of limitations applies here, appellant's claim for breach of implied warranty of habitability would survive a statute of limitations defense in summary judgment.

 {¶ 29} Some types of damages arising from breach of a warranty of habitability are distinct from damages for loss or destruction of personal property. One measure of damages for breach of a warranty of habitability is the difference between the value of the rented premises in its uninhabitable condition and its fair-market rental value, i.e., the diminution in value of the premises. *Kostoglou v. Midkiff Ents.* (Nov. 6, 2001), 7th Dist. No. 01 C.A. 23, 2001 WL 1469161; *Weingarden v. Eagle Ridge Condominiums* (1995), 71 Ohio Misc.2d 7, 14, 653 N.E.2d 759. Another measure of damages is the excess amount the lessee has to pay for comparable space over the term of the original lease, plus any special damages (such as moving costs). Although appellant is barred from pursuing claims relating to damage to her personal property, there are avenues of relief available to her through the remaining claim of breach of a warranty of habitability.

{¶ 30} Appellant's argument has merit only with respect to her claim of breach of implied warranty of habitability. Appellant's claims for damages arising from the destruction of her personal property are barred by the two-year statute of limitations found in R.C. 2305.10. The trial court correctly granted summary judgment to appellee on all claims except the claim for implied warranty of habitability, and the case is remanded to the trial court for the limited purpose of litigating that claim.

Judgment accordingly.

DeGenaro, P.J., and Donofrio, J., concur.