**CREECH et al., Appellants,**

**v.**

**BROCK & ASSOCIATES CONSTRUCTION, INC. et al., Defendants–Appellees.**

[Cite as *Creech v. Brock & Assoc. Constr., Inc.*, 183 Ohio App.3d 711, 2009-Ohio-3930.]

Court of Appeals of Ohio,
Twelfth District, Preble County.

No. CA2008–12–024.

Decided Aug. 10, 2009.

712

Dinsmore & Shohl, L.L.P., Susan D. Solle, and Thomas P. Whelley, for appellants.

Freund, Freeze & Arnold and Gordon D. Arnold, for appellee Brock & Associates Construction, Inc.

Jonathan C. Turner, for appellee John R. Clark.

BRESSLER, Presiding Judge.

{¶ 1} Plaintiffs-appellants, Robert and Janet Creech, appeal the decision of the Preble County Court of Common Pleas granting summary judgment to defendants-appellees, Brock & Associates Construction, Inc. and John Clark, on

appellants' action for damages and injunctive relief associated with surface-water flooding on their property.

{¶ 2} Brock & Associates Construction, Inc. built a house on a parcel of property in Preble County in 2003. The house was sold to Clark in May 2003. Appellants allege that the construction of Clark's home and, more specifically, a drainage ditch on Clark's property, diverted surface storm water from Clark's property and adjacent properties east onto Whitehead Court and ultimately to their property on the far east end of Whitehead Court. Both Brock Construction and Clark filed motions for summary judgment, which the trial court granted. Appellants appealed, arguing under their single assignment of error that the trial court erred in granting summary judgment.

{¶ 3} Several depositions were part of the record. According to deposition testimony, Clark approached Brock Construction about building a house for him on a parcel of land for sale. Brock Construction purchased the parcel for the purpose of building the home and selling the property to Clark upon completion. Michael Brock of Brock Construction testified that he directed that a ditch be constructed to drain off surface water that was pooling on the parcel and basement under construction.

{¶ 4} Appellant Robert Creech acknowledged that there had been previous standing surface water in the neighborhood after rain events, but indicated that his property sustained flooding every year since the Clark property was developed to the west of his property.[1]

{¶ 5} Appellant claimed that he had never experienced basement flooding from previous surface-water issues until three specific incidents following rain storms: on May 10, 2003, which was after the house was built, but before it was transferred to Clark on May 22, 2003; on January 4, 2004; and during an incident in the summer of 2005. In addition to the basement flooding, appellant testified that his yard is often filled with water after a rain, and as a result, trees on his property have died and water has invaded his motor home, cracked his driveway, and compromised his leach field.[2]

{¶ 6} The Preble County Engineer, J. Stephen Simmons, testified by deposition that he believed the basement flooding in May 2003 could be attributed to a ditch, otherwise referred to as a "swale," constructed on Clark's property. He testified that in the summer of 2003, a letter from the Engineer's Office was sent

---

1. We will refer to Creech as "appellant" and not "appellants" when we discuss the evidence submitted by Robert Creech through his deposition.

2. Appellant also testified that he has implemented a number of procedures that he believes kept water from flooding his basement after the 2003 and 2004 incidents.

to Brock, the builder of Clark's house, instructing him to fill in a specified portion of the ditch or swale. Testimony was presented that someone in the engineer's office viewed the ditch in the summer of 2003 and determined that Brock had followed the instructions. Simmons testified that he viewed the ditch area in the spring of 2008, and it looked like the ditch had settled, causing a "little swale" in the top of the hill.

{¶ 7} Appellants allege and provide testimony through the deposition of their expert that the Clark house was built in what had previously been a drainage way, that what the expert referred to as the "east ditch" on Clark's property "substantially increased" the flow of water to Whitehead Court, and that the drainage problems remain unabated.

{¶ 8} The trial court determined that Brock and Clark were not negligent and that "even if the Court were to find that the Defendants were negligent, there is no evidence from which to find that such negligence was a proximate cause of the damages claimed." The trial court inexplicably indicated in its decision on summary judgment that it "adopt[ed] the statement of facts set forth in Brock's Memorandum in support of its motion."

{¶ 9} This court reviews a trial court's decision to grant summary judgment on a de novo basis, *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241, which means that we use the same standard the trial court should have used in ruling on the summary judgment motion. *Reese v. Barbiere,* Clermont App. No. CA2002–09–079, 2003-Ohio-5110, 2003 WL 22227379, ¶ 8.

{¶ 10} A trial court may award summary judgment only when (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, which must be viewed in a light most favorable to the nonmoving party, that reasonable minds can come to but one conclusion, and that conclusion is adverse to the nonmoving party. *Grafton.* Trial courts must award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party. *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129.

{¶ 11} Where damage to one's property is alleged by water runoff created by an adjacent property owner, Ohio has adopted a reasonable-use rule. *McGlashan v. Spade Rockledge Terrace Condo Dev. Corp.* (1980), 62 Ohio St.2d 55, 16 O.O.3d 41, 402 N.E.2d 1196, syllabus (each possessor is legally privileged to make reasonable use of his land, even though the flow of surface waters is altered thereby and causes some harm to others, and possessor incurs liability only when his harmful interference with the flow of surface water is unreasonable).

{¶ 12} The Restatement analysis of reasonableness in surface-water cases, approved by the Ohio Supreme Court in *McGlashan*, is fact-sensitive. *Hughes v. Mill Creek Properties, Ltd.*, Trumbull App. No. 2005–T–0151, 2006-Ohio-7008, 2006 WL 3833859, ¶ 26–29 (testimony that flooding occurred only after a defendant in a surface-water case commenced operations is sufficient to create a genuine issue of material fact as to whether that defendant's activities caused the flooding; landowners are competent to testify regarding the past history of flooding on their property).

{¶ 13} In *McGlashan*, the Supreme Court indicated that the trier of fact was to apply the Restatement of Torts rule of reasonableness in resolving surface-water cases. *Hughes.* Summary judgment is to be granted only in those rare cases where a plaintiff cannot point to some competent evidence to support the elements of his or her case. Id.; see *Peters v. Angel's Path, L.L.C.*, Erie App. No. E–06–059, 2007-Ohio-7103, 2007 WL 4563472, ¶ 33, citing *McGlashan* (defendant incurs liability only when his harmful interference with the flow of surface water is unreasonable; the reasonableness of an interference is determined by the trier of fact, guided by the rules stated in the Restatement of Torts); see also *Peters* at ¶ 39 (appellants presented prima facie evidence to establish causes of action for private nuisance and trespass; whether defendant's actions were reasonable, intentional, or negligent are decisions to be made by the trier of fact, not on summary judgment).

{¶ 14} Construing the evidence most favorably for the nonmoving party under the pertinent standard of review for summary judgment, we find that genuine issues of material fact remain regarding claims that Brock Construction and Clark unreasonably diverted surface water onto appellants' property, causing damage. Reasonable minds could differ, and therefore summary judgment is not appropriate. See also *Schutt v. Rudolph–Libbe, Inc.* (Mar. 31, 1995), Wood App. No. WD–94–064, 1995 WL 136777, at *6 (generally, issue of proximate cause is a question of fact and is not resolvable by means of summary judgment; summary judgment may be granted on the issue of proximate cause only where the facts are clear and undisputed and the relation to cause and effect is so apparent that only one conclusion may be fairly drawn).

{¶ 15} Appellants, who filed this action April 30, 2007, also argued in their response to the motions for summary judgment that they can recover for the alleged damage to their personal property from the basement flooding of 2003 and 2004 because this case involves a continuing tort and the two-year statute of limitations of R.C. 2305.10 was not appropriate.

{¶ 16} A continuing tort occurs when the defendant's tortious activity is ongoing, perpetually creating fresh violations of the plaintiff's property rights.

The damage caused by each fresh violation is an additional cause of action. *Weir v. E. Ohio Gas Co.*, Mahoning App. No. 01 CA 207, 2003-Ohio-1229, 2003 WL 1194080, ¶ 18; *Reith v. McGill Smith Punshon, Inc.*, 163 Ohio App.3d 709, 2005-Ohio-4852, 840 N.E.2d 226, ¶ 50 (claim for a continuing trespass may be brought at any time until the claim has ripened into a presumptive right by adverse possession, which takes 21 years).

 {¶ 17} The Ohio Supreme Court recently stated in *Sexton v. Mason*, 117 Ohio St.3d 275, 2008-Ohio-858, 883 N.E.2d 1013, that a continuing trespass occurs when there is some continuing or ongoing allegedly tortious activity attributable to the defendant. A permanent trespass occurs when the defendant's allegedly tortious act has been fully accomplished, and a "defendant's ongoing conduct or retention of control is the key to distinguishing a continuing trespass from a permanent trespass." Id. at ¶ 45; see also *Weir* at ¶ 30 (much like a continuous trespass, a continuing nuisance arises when the wrongdoer's tortious conduct is ongoing, perpetually generating new violations; conversely, a permanent nuisance occurs when the wrongdoer's tortious act has been completed, but the plaintiff continues to experience injury in the absence of any further activity by the defendant).

{¶ 18} Construing the evidence most favorably for the nonmoving party, we find that the record is insufficient to determine as a matter of law whether there was a continuing tort or a permanent tort for imposition of the appropriate statute of limitations on the claim of damage to personal property. Cf. *Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 718, 622 N.E.2d 1153 (there remained a genuine issue of material fact as to whether the nuisance was continuing in nature, thereby preventing the applicable statute of limitations from barring appellant's claim); cf. *Reith* at ¶ 57 (at summary judgment stage, a question of fact remained concerning how much responsibility and control defendant retained); see R.C. 2305.10 (an action based on * * * an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues); see *Shorter v. Neapolitan*, 179 Ohio App.3d 608, 2008-Ohio-6597, 902 N.E.2d 1061, ¶ 19.

 {¶ 19} Finally, appellants ask this court to reject the grant of summary judgment on their punitive-damages claim against both appellees. Appellants argue that appellees disregarded the consequences for appellants when they constructed the ditch and recklessly engaged in a "haphazard" attempt to correct problems associated with the ditch.

 {¶ 20} In tort law, punitive damages are available in actions involving fraud, actual malice, oppression, or insult on the part of the defendant. *Preston*

*v. All Vinyl Fence & Decks, Inc.,* Trumbull App. No. 2008–T–0015, 2008-Ohio-6997, 2008 WL 5428817, ¶ 37; see R.C. 2315.21.

{¶ 21} Actual malice, necessary for an award of punitive damages, is (1) that state of mind under which a person's conduct is characterized by hatred, ill will, or a spirit of revenge or (2) a conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm. *Preston v. Murty* (1987), 32 Ohio St.3d 334, 335, 512 N.E.2d 1174. "Since punitive damages are assessed for punishment and not compensation, a positive element of conscious wrongdoing is always required." Id.

{¶ 22} Construing the evidence most favorably for appellants, the record on summary judgment does not support the claim of actual malice necessary for punitive damages, and reasonable minds can come to but one conclusion and that conclusion is adverse to appellants.

{¶ 23} The trial court's grant of summary judgment on the punitive-damages claims against appellees was appropriate and the judgment of the trial court is affirmed on that issue only. The trial court's grant of summary judgment is reversed on appellants' other claims.

{¶ 24} The judgment is affirmed in part and reversed in part, and this cause is remanded for further proceedings according to law and consistent with this opinion.

Judgment accordingly.

YOUNG and RINGLAND, JJ., concur.