[Cite as *Williams v. Stillion*, 2017-Ohio-714.]

STATE OF OHIO, MONROE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

JON WILLIAMS, et al.⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀PLAINTIFFS-APPELLEES⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀CASE NO. 14 MO 0011
VS.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀⠀⠀OPINION
RONNIE RAY STILLION, Trustee of the⠀)
Charles R. Stillion Family Trust⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀DEFENDANT-APPELLANT⠀⠀⠀)

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from the Court of Common Pleas of Monroe County, Ohio Case No. 2013-273 |
| JUDGMENT: | Reversed and Remanded. |
| APPEARANCES: For Plaintiff-Appellee, Jon Williams, et al. | Attorney Craig Sweeney Attorney Richard Yoss 122 North Main Street Woodsfield, Ohio 43793 |
| For Plaintiff-Appellee, State of Ohio ex re. Ohio Attorney General Michael DeWine | Attorney Gerald Dailey Attorney Jennifer Barrett Assistant Attorneys General 2045 Morse Road, C-2 Columbus, Ohio 43229-6693 |
| For Defendant-Appellant | Attorney Richard Zurz, Jr. One Cascade Plaza, Suite 2210 Akron, Ohio 44308 |

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Cheryl L. Waite

Dated: February 27, 2017

DeGENARO, J.

{¶1} Defendant-Appellant, Ronnie Ray Stillion, Trustee of the Charles R. Stillion Trust, appeals the trial court's decision to apply the 1989 version of R.C. 5301.56, Ohio's Dormant Mineral Act, thereby granting summary judgment and quieting title to the severed mineral interest in Plaintiffs-Appellees, Jon Williams, et al.

{¶2} For the following reasons, it was error for the trial court to resolve this action by applying the 1989 version of the DMA as the Ohio Supreme Court has recently held that the 2006 version controls resolution of disputes over severed mineral interests. Accordingly, the judgment of the trial court is reversed, and the case remanded in order for the trial court to apply in the first instance, the 2006 version of R.C. 5301.56, pursuant to the Ohio Supreme Court's recent rulings regarding the ODMA, including, inter alia, *Corban v. Chesapeake Exploration*, L.L.C., Slip Opinion No. 2016-Ohio-5796 (Sept. 15, 2016).

### Facts and Procedural History

{¶3} Appellees are the surface owners of certain real property in Monroe County. On June 28, 2013, Appellees filed a complaint against Stillion, alleging that a three-fourths mineral interest in that real property—which previously had been severed from the surface interest—had been automatically forfeited to and vested in Appellees as of March 22, 1992, by operation of the 1989 version of the DMA, R.C. 5301.56.

{¶4} Stillion filed an original and amended answer and counterclaim asserting that the trust was the present owner in fee simple of the mineral interest, and that the 1989 DMA violated Ohio's Constitution. The Ohio Attorney General intervened to defend the constitutionality of the 1989 DMA and eventually sought summary judgment asserting that the 1989 DMA is a self-executing statute that complies with Ohio's Constitution.

{¶5} Appellees and Stillion then filed cross-motions for summary judgment. One of the disputed issues during summary judgment proceedings was whether the 1989 or the 2006 version of the DMA controlled.

{¶6} On July 1, 2014, the trial court granted Appellees' motion for summary

judgment and denied Stillion's; in so doing, the trial court applied the 1989 DMA only. Based upon the findings and holdings contained in that entry, the trial court found it unnecessary to rule on the Attorney General's motion for summary judgment. Finally, the trial court's entry is devoid of any consideration or analysis of law or facts relative to the 2006 DMA.

**{¶7}** This appeal had been stayed on December 13, 2014 pending the Ohio Supreme Court's decision in multiple cases regarding, inter alia, whether the 1989 or the 2006 version of R.C. 5301.56, the ODMA, controls the resolution of disputed claims to severed minerals rights, where the claims were asserted after the effective date of the 2006 version.

**{¶8}** In a recent decision, *Corban v. Chesapeake Exploration, L.L.C.*, Slip Opinion No. 2016-Ohio-5796 (Sept. 15, 2016), ¶ 2, the Court held "the 2006 version of the Dormant Mineral Act, which is codified at R.C. 5301.56, applies to all claims asserted after June 30, 2006[.]"

**{¶9}** On October 24, 2016, this case was returned to the active docket.

### 2006 DMA Controls

**{¶10}** For clarity of analysis, Stillion's assignments of error will be addressed out of order. His second of four assignments of error will be addressed first; it asserts:

> The trial court erred in failing to apply the 2006 version of the Ohio Dormant Mineral Act to the present lawsuit, which was originally filed in the trial court on June 28, 2013.

**{¶11}** In *Corban* the Ohio Supreme Court held the 2006 version of R.C. 5301.56 controlled, reasoning in pertinent part:

> In accord with this analysis, we conclude that the 1989 law was not self-executing and did not automatically transfer ownership of dormant mineral rights by operation of law. Rather, a surface holder

seeking to merge those rights with the surface estate under the 1989 law was required to commence a quiet title action seeking a decree that the dormant mineral interest was deemed abandoned.

* * *

Dormant mineral interests did not automatically pass by operation of law to the surface owner pursuant to the 1989 law. Thus, as of June 30, 2006, any surface holder seeking to claim dormant mineral rights and merge them with the surface estate is required to follow the statutory notice and recording procedures enacted in 2006 by H.B. 288. These procedures govern the manner by which mineral rights are deemed abandoned and vested in the surface holder and apply equally to claims that the mineral interests were abandoned prior to June 30, 2006.

*Id.* at ¶ 28, 31.

**{¶12}** This case was filed with the trial court well after June 30, 2006. During summary judgment proceedings the parties debated, inter alia, which version of R.C. 5301.56 controlled and the trial court did resolve that issue: the 1989 version. Granting summary judgment, the trial court only discussed and relied upon facts within the 20 years prior to the effective date of the 1989 version, or within the three-year statutory grace period ending March 22, 1992, and applied its interpretation of the 1989 DMA to those facts. There was no discussion of the law or the facts relative to the 2006 version of R.C. 5301.56 by the trial court.

**{¶13}** Pursuant to *Corban*, the trial court erred by applying the 1989 version of R.C. 5301.56 and granting summary judgment in favor of Appellees on that basis. Accordingly, we remand the case so that the trial court can, in the first instance, resolve this matter by applying the 2006 DMA to facts relevant to that version of the statute—specifically those contemplated by R.C. 5301.56(H),—as it failed to do so in this summary judgment order. *See generally Bowen v. Kil-Kare, Inc.*, 63 Ohio St.3d 84, 88-89, 585 N.E.2d 384, 390 (1992); *Oxford Oil Co. v. West*, 2016-Ohio-5684, ----

N.E.3d ---, ¶ 24 (7th Dist.), quoting *Conny Farms, Ltd. v. Ball Resources, Inc.*, 7th Dist. No. 09 CO 36, 2011-Ohio-5472, ¶ 15, citing *Mills–Jennings, Inc. v. Dept. of Liquor Control*, 70 Ohio St.2d 95, 99, 435 N.E.2d 407 (1982); *Fullum v. Columbiana Cty. Coroner*, 7th Dist. No. 12 CO 51, 2014-Ohio-5512, 25 N.E.3d 463, ¶ 44–46; and *Tree of Life Church v. Agnew*, 7th Dist. No. 12 BE 42, 2014-Ohio-878, ¶ 27–28.

**{¶14}** The fact that Appellees brought their complaint under the 1989 version of the statute does not change the outcome. In *Albanese v. Batman*, Slip Opinion No. 2016-Ohio-5814, ¶ 16-22 (Sept. 15, 2016), the Ohio Supreme Court concluded that the 2006 version of DMA applied, notwithstanding the fact that plaintiffs' claims were originally framed under the 1989 version.

**{¶15}** Thus, Stillion's second assignment of error is meritorious. Having concluded that the 2006 ODMA applies to this action, Stillion's first and third assignments of error[1] are moot; as such we will not address them. *See* App.R. 12(A)(1)(c).

### Failure to Join a Necessary Party

**{¶16}** Finally, in his fourth assignment of error, Stillion asserts:

> The trial court erred in issuing a final appealable order as it lacked subject matter jurisdiction to rule because Plaintiff-Appellees failed to join all necessary parties.

**{¶17}** Stillion argues that Appellees should have named Eclipse Resources I, LP, as a party-defendant, since Stillion entered into a lease with the oil and gas company, concerning the severed mineral interests, in 2012. Stillion notes that

---

[1] These assignments of error, assert, respectively:

The trial court erred in finding that the 1989 version of the Ohio Dormant Mineral Act does not violate the Due Process Clause of the Ohio Constitution by divesting a mineral holder of his property rights without notice and an opportunity to be heard.

The trial court erred in finding that no savings events concerning the subject Stillion Mineral Interest occurred during the period of March 22, 1969 through March 22, 1992.

Appellees framed their complaint as a declaratory judgment action and argues that, pursuant to R.C. 2721.12(A), because Eclipse has an interest that would be affected by the declaration it therefore was a necessary party to the action, and failure to name it as a defendant means the trial court lacked jurisdiction to render summary judgment.

**{¶18}** Although the complaint titles the action as a declaratory judgment, when looking at the body of the claim, it is actually a quiet title claim.

**{¶19}** When determining whether a court has jurisdiction over a claim, we do not look to the label or caption, but rather, to the substance of the complaint. *State ex rel. The Illuminating Co. v. Cuyahoga Cty. Court of Common Pleas*, 97 Ohio St.3d 69, 2002-Ohio-5312, 776 N.E.2d 92, ¶ 21. *See also Shorter v. Neapolitan*, 179 Ohio App.3d 608, 2008-Ohio-6597, 902 N.E.2d 1061, ¶ 17 (7th Dist.), citing *Hunter v. Shenango Furnace Co.*, 38 Ohio St.3d 235, 237, 527 N.E.2d 871 (1998) (headings in the complaint are not dispositive of the type of actions; courts should look to the subject matter of the complaint.)

**{¶20}** Here, the title of the complaint states it is one for declaratory judgment, and there is a brief mention of the civil rule regarding declaratory judgments, Civ.R. 57. Ultimately, the complaint sounds in quiet title. Count I of the Complaint, the sole count, states that it is brought pursuant to the 1989 DMA and alleges that pursuant to that statute, "the Mineral Interest was quieted and vested in Plaintiffs as owners of the surface." Tellingly, in summary judgment proceedings Stillion characterizes Appellees' action as one sounding in quiet title: "Plaintiffs filed their action to quiet title after 2006 and therefore must comply with the notice provisions in the 2006 ODMA."

**{¶21}** An action to quiet title is governed by R.C. 5303.01, which provides: "[a]n action may be brought by a person in possession of real property, by himself or tenant, against any person who claims an interest therein adverse to him, for the purpose of determining such adverse interest." R.C. 5303.01.

**{¶22}** Unlike R.C. 2721.12(A), R.C. 5303.01 does not have the jurisdictional

requirement that "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." R.C. 2721.12(A). Rather, R.C. 5303.01 merely requires: "Whenever the *state or any agency or political subdivision thereof* has, or appears to have, an interest in real property adverse to the person in possession claiming the right thereto, the state or such agency or such political subdivision may be made a party in any action brought under this section." R.C. 5303.01 (emphasis added.)

**{¶23}** As this suit is a quiet title action, failing to name Eclipse as a defendant is not a jurisdictional flaw. Rather, this can be remedied when the case is remanded to the trial court for further proceedings. *See generally* Civ.R. 19 and 21 (joinder rules); and Civ.R. 82 (stating that the Civil Rules "shall not be construed to extend or limit the jurisdiction of the courts of this state.") Accordingly, Stillion's fourth and final assignment of error is meritless.

**{¶24}** In sum, Stillion's second assignment of error is meritorious, rendering his first and third assignments of error moot; his fourth assignment of error is meritless. Accordingly, the judgment of the trial court is reversed, and the case remanded in order for the trial court to apply in the first instance, the 2006 version of R.C. 5301.56, pursuant to the Ohio Supreme Court's recent rulings including, *Corban v. Chesapeake Exploration*, L.L.C., Slip Opinion No. 2016-Ohio-5796 (Sept. 15, 2016).

Donofrio, J., concurs.

Waite, J., concurs.