LLOYD ET AL., APPELLANTS, *v.* WILLIAM FANNIN BUILDERS, INC., APPELLEE.

[Cite as Lloyd v. William Fannin Bldrs. (1973),
40 Ohio App. 2d 507.]

(No. 73AP-122—Decided June 12, 1973.)

*Mr. John W. Leibold,* for appellants.
*Robins, Preston & Beckett Co., L. P. A.,* and *Mr. John A. Sentz, Jr.,* for appellee.

STRAUSBAUGH, J. This is an appeal from a judgment of the Franklin County Municipal Court sustaining defendant's motion to dismiss for lack of jurisdiction and from the order of the court overruling plaintiffs' motion to reconsider.

The record indicates that plaintiffs and defendant entered into a written contract, dated April 29, 1963, for the purchase of a dwelling to be constructed by the defendant. The plaintiffs moved into the dwelling when it was substantially completed in September 1963; the real estate closing was held in January 1964. On May 26, 1971, plaintiffs filed their complaint alleging that the defendant failed to complete the dwelling in a workmanlike manner causing damages to plaintiffs in the sum of $5,150. Defendant filed its answer by leave of court on July 16, 1971. Interrogatories were filed and answered by both parties. On May 23, 1972, an amended answer was filed. Two pretrial hear-

ings were held by the court. On February 14, 1973, defendant filed a motion for an order dismissing the action because of lack of jurisdiction. In the memorandum attached to the motion, defendant argued that the four-year statute of limitations found in R. C. 2305.09 was applicable to the facts in the case. On February 22, 1973, defendant filed a motion requesting leave to file a tendered second amended answer instanter, and at the same time filed a tendered second amended answer setting forth as a fourth defense the following: ''the within action was not brought within four (4) years after the cause thereof accrued and is barred.'' On March 5, 1973, the court filed its decision and on March 29, 1973, it filed its judgment entry, wherein it sustained defendant's motion for leave to file a second amended answer and sustained defendant's motion to dismiss the action because of the court's lack of jurisdiction. It is from the latter entry that plaintiffs appeal.

Plaintiffs' first assignment of error is as follows:

''The municipal court erred to the prejudice of plaintiff-appellants in dismissing the complaint.

''I. There was an implied term of sale that the house would be constructed in a workmanlike manner.

''II. The complaint should not have been dismissed summarily on the four-year statute of limitations defense raised in the second amended answer filed when trial was scheduled.

''A. The defense of statute of limitations had been waived.

''B. The four-year statute of limitations does not apply.

''C. The plaintiff-appellants were denied the right to prove and plead the issue of estoppel to the statute of limitations defense.

''D. Summary judgment was erroneously granted.''

The trial court, in its decision sustaining defendant's motion to dismiss plaintiffs' complaint, applied the law as recently set forth by the Court of Appeals for Hamilton County in *Benson* v. *Dorger* (1972), 33 Ohio App. 2d 110, wherein the court held that the four-year statute of limita-

tions in R. C. 2305.09 is applicable to the facts of that case. Although the facts of that case are similar to those of the instant case, we cannot agree with such a holding. R. C. 2305.09 provides, in pertinent part, as follows:

"An action for any of the following causes shall be brought within four years after the cause thereof accrued:
"* * *

"(D) For an injury to the rights of the plaintiff not arising on contract * * *."

The leading case in this area is *Mitchem* v. *Johnson* (1966), 7 Ohio St. 2d 66, wherein the court held in its syllabus:

"1. Where a warranty is breached by the builder and vendor of a real-property structure, he is subject to liability for damages proximately caused by such breach, and the recovery of damages for such breach does not depend on his negligence. (Paragraph two of the syllabus of *United Pacific Ins. Co.* v. *Balcrank, Inc.*, 175 Ohio St. 267, approved and followed.)

"2. An implied warranty in favor of the vendee of an uncompleted real-property structure that it will, when finished, be suitable for the purpose intended will not be imposed upon the vendor who constructed it and undertakes to complete it as a part of the executed contract for sale of the real estate.

"3. A duty is imposed by law upon a builder-vendor of a real-property structure to construct the same in a workmanlike manner and to employ such care and skill in the choice of materials and work as will be commensurate with the gravity of the risk involved in protecting the structure against faults and hazards, including those inherent in its site. If the violation of that duty proximately causes a defect hidden from revelation by an inspection reasonably available to the vendee, the vendor is answerable to the vendee for the resulting damages."

At page 73, the Supreme Court further stated:

"* * * [W]e do concur in the statement that 'it is an implied term of the *sale* that the builder will complete the house in such a way that the work both before and after

the *sale* would be done in a workmanlike manner.' " (Emphasis added.)

The use of the word "sale" by the Supreme Court in *Mitchem* must be carefully noted. A sale being a contract, the obligation imposed upon the builder-vendor arises *ex contractu* rather than *ex delicto*.

This court, in two previous cases, has had occasion to consider similar questions relating to the *Mitchem* case, *supra*. In *Chilcote* v. *Neal*, Franklin County Court of Appeals, unreported case No. 9593, rendered May 5, 1970, Judge Troop stated as follows:

"The *contract* into which the parties entered carried an 'implied bargain' to perform in a workmanlike fashion, which 'bargain' extended beyond the date of transfer of title." (Emphasis added.)

Again, in *Hunnell* v. *Diamond Construction, Inc. et al.*, Franklin County Court of Appeals unreported case No. 9841, rendered December 15, 1970, this court stated, in discussing *Mitchem, supra*, as follows:

"A careful reading of that case and paragraph one of the syllabus therein makes it quite obvious that the law set forth there applies only where there is a contractual relationship between a builder-vendor and a vendee for the vendor to do certain construction. * * *"

In other words, we hold that the duty imposed on a builder-vendor to build structures in a workmanlike manner arises out of an implied bargain, an implied provision, an implied condition, or an implied term of the sale; whatever the name which is attached to such duty, it is a duty which is implied in law and comes from the contract between the builder-vendor of the real-property structure and the vendee. We find that it was error on the part of the trial court to apply the four-year statute of limitations set forth in R. C. 2305.09. We further find error in the dismissal of the complaint for the reason that the facts controlling whether or not the statute of limitations has run may not be found in the pleadings and the record before us. There is evidence in the record that the statute of limitations defense may have been waived by defendant,

but such question need not be decided. Neither can the action of the trial court be upheld on the basis that such order was tantamount to the summary judgment procedure, set forth in Civ. R. 56, inasmuch as the civil rule provides that a motion for summary judgment can be considered only with the consent of all the parties once the action has been set for trial, as it was in this case. Further, the motion must be served fourteen days before the hearing so as to provide an opportunity for the adverse party to file affidavits. Such an opportunity was not afforded in the case herein. Plaintiffs' first assignment of error is sustained.

Plaintiffs' second assignment of error is as follows:

"Where plaintiff-appellants filed their complaint May 26, 1971, where thereafter the defendant-appellee propounded and obtained answers to three sets of interrogatories, where the defendant-appellee filed an answer and amended answer; where the plaintiff-appellants were required to file three certificates of readiness in an effort to bring the case to trial; where the matter had been pretried twice; where the matter had been assigned for trial January 25, 1973, which trial assignment was vacated and reset for trial on March 19, 1973, it is error prejudicial to the plaintiff-appellants for the municipal court to decide on March 5, 1973 to sustain a motion for leave to the defendant-appellee to file a second amended answer in which the defendant-appellee raises the statute of limitations and at the same time sustain defendant-appellee's motion to dismiss, without giving plaintiff-appellants the opportunity for further pleading and trial in order to raise defense to the statute of limitations."

Although this assignment contains many ancillary clauses, the court finds that there was no abuse of discretion of the trial court in allowing the filing of the second amended answer which alleged the applicability of the statute of limitations. In the interest of justice, great discretion is granted trial courts in permitting the filing of amended pleadings. As stated previously, such questions as to which statute of limitations applies, or whether there has been a waiver of a statute of limitations, are matters

512

for further litigation. As the court has previously ruled, it was error for the trial court to simultaneously sustain defendant's motion to dismiss.

For the foregoing reasons, the judgment of the trial court is reversed and remanded for further proceedings.

*Judgment reversed and remanded.*

WHITESIDE and REILLY, JJ., concur.