**[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 226.]**

KISHMARTON ET AL., APPELLEES, *v.* WILLIAM BAILEY CONSTRUCTION, INC.,
APPELLANT.

[Cite as *Kishmarton v. William Bailey Constr., Inc.*, 2001-Ohio-1334.]

*Contracts—Home construction—Where vendee and builder-vendor enter into an
agreement for future construction of a residence, vendee's claim for
breach of an implied duty to construct house in a workmanlike manner
arises ex contractu—Recovery for emotional distress damages when
vendee's claim of breach of implied duty to construct house in
workmanlike manner is successful.*

(Nos. 00-636 and 00-684—Submitted January 31, 2001—Decided September 26,
2001.)

CERTIFIED by and APPEAL from the Court of Appeals for Cuyahoga County, No.
74893.

————————————

**SYLLABUS OF THE COURT**

1. Where the vendee and builder-vendor enter into an agreement for the future
   construction of a residence, the vendee's claim for breach of an implied duty
   to construct the house in a workmanlike manner arises *ex contractu*.

2. When vendee's claim for breach of an implied duty to construct a house in a
   workmanlike manner is successful, recovery for emotional distress damages
   will be excluded unless the breach also caused bodily harm or the contract
   or the breach is of such a kind that serious emotional distress was a
   particularly likely result. (Restatement of the Law 2d, Contracts [1981],
   Section 353, adopted and followed.)

————————————

**PFEIFER, J.**

{¶ 1} On July 24, 1991, appellees Donald and Mary Kishmarton entered into a contract with appellant William Bailey Construction, Inc. ("Bailey") for the construction of a residential home to be located in North Royalton, Ohio. The Kishmartons agreed to pay $213,000 (with change orders, $219,000) to Bailey and Bailey agreed to build the house in a "workmanlike manner."

{¶ 2} The Kishmartons moved into the house in May 1992. The following winter, the Kishmartons became concerned about water leaking through the ceiling and down the walls. One source of the leaks was the roof vents, which had been installed by Bailey. The vents allowed snow to enter the attic during storms. Another source of the water leaks was ice backup, a condition that occurs when water freezes on the roof area and upon melting leaks into a house. Attempting to fix the problems, Bailey replaced a portion of the gutter near the garage. This and all subsequent attempts to remedy the problem failed, and the leaks continued unabated for several years.

{¶ 3} The Kishmartons sued, alleging that Bailey (1) breached its implied warranty and duty to provide workmanlike construction service by building the home in a negligent manner, (2) breached the terms of the express warranty in the construction contract to perform the work in a workmanlike manner, and (3) was negligent in building and constructing the home. After trial and after being instructed as to breach of contract and breach of implied duty to construct in a workmanlike manner, the jury awarded $24,000 damages to the Kishmartons, consisting of $5,000 for the reasonable restoration of the property and $19,000 for loss of enjoyment of the residence, annoyance, and discomfort. The court of appeals upheld the $19,000 award for loss of enjoyment. However, it found the award of $5,000 for restoration to be against the manifest weight of the evidence and reduced that portion of the award to $3,725.

**{¶ 4}** The court of appeals, finding its judgment to be in conflict with the judgments in three other appellate districts, also certified two questions to this court:

"(1) Where the vendee and builder-vendor enter into an agreement for the future construction of a residence, does the vendee's claim for breach of an implied duty to construct the house in a workmanlike manner arise *ex contractu* or *ex delicto*?

"(2) Regardless of whether the claim is in contract or tort, in such a case, can the plaintiff recover emotional distress damages for loss of enjoyment, annoyance or discomfort?"

**{¶ 5}** This court agreed with the certifying court that a conflict exists and accepted jurisdiction. See 89 Ohio St.3d 1467, 732 N.E.2d 999.

**{¶ 6}** The cause is now before this court pursuant to the allowance of a discretionary appeal (case No. 00-684) and on review of an order certifying a conflict (case No. 00-636).

**{¶ 7}** In *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, we held that "[a]n action by a vendee against the builder-vendor of a *completed residence* for damages proximately caused by failure to construct in a workmanlike manner using ordinary care—*a duty imposed by law*—is an action in tort * * *." (Emphasis *sic*.) We specifically did not address the nature of an action by a vendee against the builder-vendor for breach of a contract to build a residence in the future. *Id.* at 378, 23 O.O.3d at 347, 433 N.E.2d at 150, fn. 2. Today, we close the loop by answering the first certified question and holding that such actions arise *ex contractu*.

**{¶ 8}** Doing so does little more than acknowledge the obvious. In *Velotta*, the consideration for the purchase price was the structure, a finished product. In this case, "the consideration is the services * * * [to] be performed by the contractor. * * * While the contractor is still required to perform the services in a workmanlike

manner, the quality of the product will be governed by the language of the contract itself." *Vistein v. Keeney* (1990), 71 Ohio App.3d 92, 105, 593 N.E.2d 52, 61.

{¶ 9} The contract governs the warranty of good workmanship; therefore, the warranty of good workmanship arises from the contract. It can hardly be otherwise. Several lower courts have held the same. See, *e.g.*, *Vanderschrier v. Aaron* (1957), 103 Ohio App. 340, 3 O.O.2d 367, 140 N.E.2d 819; *Lloyd v. William Fannin Bldrs., Inc.* (1973), 40 Ohio App.2d 507, 510, 69 O.O.2d 444, 446, 320 N.E.2d 738, 741; *Tibbs v. Natl. Homes Constr. Corp.* (1977), 52 Ohio App.2d 281, 292-293, 6 O.O.3d 300, 306, 369 N.E.2d 1218, 1225; *Barton v. Ellis* (1986), 34 Ohio App.3d 251, 252-253, 518 N.E.2d 18, 20. Accordingly, we hold that where the vendee and builder-vendor enter into an agreement for the future construction of a residence, the vendee's claim for breach of an implied duty to construct the house in a workmanlike manner arises *ex contractu*.

{¶ 10} Having determined that the claim arises *ex contractu*, we now address the merits of the contract action. The jury found that Bailey breached its warranty of good workmanship and awarded damages. The court of appeals affirmed and reduced the award for economic damages. As did the court of appeals, we conclude that the finding of a breach was not against the manifest weight of the evidence but that the award of $5,000 was. Accordingly, we affirm the judgment of the court of appeals on the merits on the issue of economic damages and affirm the reduction of the award on this issue.

{¶ 11} We now turn to the second certified question to address the issue of whether emotional distress damages may be recovered in this type of contract action. "As [Bailey] has pointed out at length, there appears to be *no case in Ohio*, reported or unreported, in which a builder-vendor has been found liable for damages in the form of loss of enjoyment, annoyance and discomfort by a new home purchaser." (Emphasis *sic*.) *Kishmarton v. William Bailey Constr., Inc.* (Mar. 23, 2000), Cuyahoga App. No. 74893, unreported, 2000 WL 300997, at

*13 (Porter, J., dissenting). While acknowledging the truth of the statement, we recognize that the current status of the law on this issue places Ohio at odds with the Restatement of the Law of Contracts and, more importantly, runs contrary to our state Constitution.

{¶ 12} Section 16, Article I of the Ohio Constitution states that "every person, for an injury done him * * * shall have remedy by due course of law." Emotional distress injuries are injuries for which our Constitution guarantees a right to a remedy. Further, it is reasonable to allow emotional distress damages because some contract breaches cause them. To continue to disallow emotional distress damages unfairly exposes innocent persons to harm that a wrongdoer has no incentive to avoid or mitigate. As one commentator put it, "the breaching party to a contract intentionally assumed must bear the full burden of the harm caused, and there should be no exception for emotional distress damages * * *." Whaley, Paying for the Agony: The Recovery of Emotional Distress Damages in Contract Actions (1992), Suffolk U.L.Rev. 935, 948.

{¶ 13} With regard to a breach-of-contract action, Section 353 of the Restatement states: "Recovery for emotional disturbance will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional disturbance was a particularly likely result." 3 Restatement of the Law 2d, Contracts (1981) 149, Section 353. Comment *a* to this section explains: "Damages for emotional disturbance are not ordinarily allowed. Even if they are foreseeable, they are often particularly difficult to establish and to measure." *Id.*

{¶ 14} Today we join the minority of courts that allow emotional distress damages in contract cases involving transactions between vendees and builder-vendors by answering the second certified question in the affirmative, consistent with Section 353 of the Restatement of the Law 2d, Contracts. See McGowan, Property's Portrait of a Lady (2001), Minn.L.Rev. 1037, 1106-1108.

**{¶ 15}** We are confident that allowing emotional distress damages in breach-of-contract actions involving vendees and builder-vendors will not open the floodgates. Section 353 significantly, and we believe rightly, limits the circumstances in which emotional distress damages may be granted. Though proof of emotional distress damages in these cases will be difficult, we are convinced that wronged parties are constitutionally entitled to an opportunity to recover for emotional distress damages. Accordingly, we adopt Section 353 of the Restatement of Law 2d, Contracts (1981) and declare that when vendee's claim for breach of an implied duty to construct a house in a workmanlike manner is successful, recovery for emotional distress damages will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional distress was a particularly likely result.

**{¶ 16}** Nevertheless, we hold that the award of $19,000 for loss of enjoyment of the residence, annoyance, and discomfort was improper. Given the instructions the jury received, the award sounds in tort and must be reversed. Furthermore, given the record before us, we conclude that it is not possible for the Kishmartons to establish damages pursuant to Section 353. Accordingly, we affirm the award of $3,725 for restoration of the property, but reverse the award of $19,000 for loss of enjoyment.

*Judgment affirmed in part*
*and reversed in part.*

MOYER, C.J., and LUNDBERG STRATTON, J., concur.

COOK, J., concurs in syllabus and judgment.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent and would affirm the court of appeals in all respects.

_____

*Mansour, Gavin, Gerlack & Manos Co., L.P.A., Thomas B. Bralliar, Jr.* and *Anthony J. Coyne*, for appellees.

*David J. Pasz*, for appellant.

———————————