{¶ 35} I concur in the disposition of the parties' assignments of error. However, I write separately because I concur in sustaining Homewood's first assignment of error for reasons different than those expressed in the lead opinion.
 {¶ 36} I agree that the Helwigs cannot twice recover the same compensatory damages caused by the defects in the construction of their home; they may seek recovery for these damages through their claim for breach of the warranties and other promises contained in the home purchase contract. Kishmarton v. William Bailey Constr.,93 Ohio St.3d 226, 228-29, 2001-Ohio-1334. I also agree that punitive damages are never recoverable on a claim for breach of contract. Ketcham v.Miller (1922), 104 Ohio St. 372, paragraph two of the syllabus. However, I disagree that Homewood was entitled to a directed verdict on the Helwigs's fraudulent misrepresentation claim because "Homewood did not breach a duty separate from the original contract * * *." (Ante, at ¶ 15.)
 {¶ 37} Homewood's March 14, 2005 letter was a contract insofar as it contained mutual promises respecting arbitration of disputes about Tyvek installation. It also, superfluously, contained references to the manufacturer and builder warranties already set forth in paragraph nine of the home purchase contract. (Plaintiff's Exhibit "I".) However, as noted in paragraph 14, ante, the letter also contained affirmative statements that the Tyvek and windows had been installed properly. These false statements of then-present *Page 18 
fact are substantively distinct from both the exchange of promises concerning damages payable at the conclusion of any arbitration of Tyvek-related disputes, and the exchange of promises concerning construction services contained in the home purchase contract.
 {¶ 38} The vendor of real estate has a duty to refrain from engaging in fraud and deceit, and may not make any "representations or concealment of a matter of fact which relates to the present or past, and which is material to the transaction; * * * falsely, with knowledge of its falsity * * * with the intent of misleading another into relying upon it * * *." Klott v. Assoc. Real Estate (1974), 41 Ohio App.2d 118, 120-21. Upon evidence of such facts, and proof that the other relied upon the representations and sustained resulting injury, the vendor will be liable for fraud. Id.
 {¶ 39} If a plaintiff has a claim for fraudulent misrepresentation that is connected to, but factually independent of, his contract claim, and proves all elements of the tort, including compensatory damages distinct from those caused by the breach of contract, then he may seek punitive damages, and receive them upon the requisite proof. Textron FinancialCorp. v. Nationwide Mut. Ins. Co. (1996), 115 Ohio App.3d 137, 151;R H Trucking, Inc. v. Occidental Fire Cas. Co. of N. Carolina
(1981), 2 Ohio App.3d 269, paragraph two of the syllabus; Sweet v.Grange Mut. Cas. Co. (1975), 50 Ohio App.2d 401; Stockdale v. Baba,153 Ohio App.3d 712, 2003-Ohio-4366; Goldfarb v. The Robb Report, Inc.
(1995), 101 Ohio App.3d 134, 140.
 {¶ 40} The Helwigs adduced sufficient evidence that Homewood made a false representation about the already-completed installation of the Tyvek and windows in their home, and did so with the intention of inducing the Helwigs to rely on these representations. They also proved that they in fact relied on the representations. Mr. *Page 19 
Helwig testified that he and his wife would not have closed on the home if Homewood had not made representations that the Tyvek and windows had been installed properly, and he communicated this to Homewood when he stated his concerns about improper installation. (Tr. 289.) After being informed that the Helwigs would not go forward with the transaction absent assurances of proper installation, Homewood provided the Helwigs with the March 4, 2005 letter. They closed seven days later.
 {¶ 41} The reason that I ultimately agree that the trial court should have directed a verdict in Homewood's favor on the fraud claim is that, as Homewood argued in its brief, there is no evidence that the Helwigs suffered damages proximately caused by the fraud that were distinct from their damages caused by Homewood's breach of contract. In order to survive the motion for directed verdict, they were required to put on evidence of damages attributable to Homewood's fraud that were distinct from those attributable to its breach of contract. R H Trucking, supra. "[T]he measure of damages, where a sale is procured by a vendor's fraudulent representation, `is the difference between the actual value of the property at the time of the purchase and its value if the property had been what it was represented to be.'" Molnar v.Beriswell (1930), 122 Ohio St. 348, 352. (Citation omitted.) The Helwigs do not point to, and I am unable to find, any such evidence in the record of this case.
 {¶ 42} In their breach of contract claim, the Helwigs sought and received compensatory damages relating to the cost to repair the substandard Tyvek and window installation in their home. But they cannot recover these damages again, under their fraud claim.Kishmarton, supra. Because the record lacks evidence of damage proximately caused by Homewood's fraudulent misrepresentations that is distinct from that caused by its breach of contract, the Helwigs did not adduce sufficient evidence on *Page 20 
the last element of their fraud claim. It is for this reason that I concur in sustaining Homewood's first assignment of error and in reversing the judgment.
 {¶ 43} In all other respects, I concur with the analysis set forth in the lead opinion. *Page 1