FABER et al., Appellants

v.

RONALD CHAFFMAN GENERAL CONSTRUCTION, INC., et al., Appellees.

[Cite as *Faber v. Ronald Chaffman Gen. Constr.,
Inc.*, 186 Ohio App.3d 778, 2010-Ohio-1035.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 24774.

Decided March 17, 2010.

Kenneth L. Turowski; and Michael A. Creveling, for appellants.

Colin G. Skinner and Mark J. Scarpitti, for appellees.

CARR, Presiding Judge.

{¶ 1} Appellants, Bret and Ann Faber, appeal the judgment of the Summit County Court of Common Pleas, which dismissed their complaint. This court affirms.

I

{¶ 2} In July 2000, Josef Fodor contracted with appellees, Ronald Chaffman General Construction, Inc., and Ronald L. Chaffman ("Chaffman") for the installation of a new roof at his home at 4171 Cliff Spur Drive, Akron, Ohio. Fodor sold the home to the Fabers in April 2005. In May 2007, the Fabers began noticing problems with the roof, including cracked, loose, and falling tiles. On January 8, 2009, the Fabers filed a complaint against Chaffman, alleging breach of contract for failure to install the roof in a workmanlike manner. The Fabers attached to their complaint copies of repair estimates, the original contract between Fodor and Chaffman, and an assignment by Fodor of "all his rights, title and interest in and to sue on behalf of any defaults found in the construction of the roof at 4171 Cliff Spur Drive, Akron, Ohio 44333."

{¶ 3} In lieu of an answer, Chaffman filed a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). Chaffman argued that the Fabers could not maintain their breach-of-contract action because they were not in privity of contract with Chaffman. Chaffman further argued that Fodor's purported assignment of the right to sue failed to give effect to the Fabers' claim because Fodor did not possess any right to sue when he executed the assignment and he, therefore, had no rights to assign. The Fabers responded in opposition to the motion to dismiss and Chaffman replied. On April 29, 2009, the trial court granted Chaffman's motion to dismiss. The Fabers filed a timely appeal, raising one assignment of error for review.

## II

## ASSIGNMENT OF ERROR

"The trial court erred in requiring privity of contract for a subsequent purchaser to sue a general contractor for a latent defect in the construction of a new roof on an existing home."

█ {¶ 4} The Fabers argue that the trial court erred by granting Chaffman's motion to dismiss their complaint on the basis of lack of privity of contract. This court disagrees.

{¶ 5} This court reviews de novo a trial court's decision to grant a motion to dismiss. *Niepsuj v. Summa Health Sys.*, 9th Dist. Nos. 21557 and 21559, 2004-Ohio-115, 2003 WL 23153220, at ¶ 5. A trial court may grant a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6) only if it appears beyond a doubt that the petitioner can prove no set of facts that would entitle him to relief. *Garvey v. Clevidence*, 9th Dist. No. 22143, 2004-Ohio-6536, 2004 WL 2806339, at ¶ 11. In considering a Civ.R. 12(B)(6) motion to dismiss, the trial court must review only the complaint, accepting all factual allegations as true and making every reasonable inference in favor of the nonmoving party. Id. The trial court may not, however, rely upon any materials or evidence outside the complaint in considering a motion to dismiss. *State ex rel. Fuqua v. Alexander* (1997), 79 Ohio St.3d 206, 207, 680 N.E.2d 985.

{¶ 6} The Fabers do not challenge the trial court's finding that Fodor's purported assignment of rights was ineffective to create privity between them and Chaffman. Instead, they merely argue that this court should expand the Ohio Supreme Court's holding in *McMillan v. Brune–Harpenau–Torbeck Builders, Inc.* (1983), 8 Ohio St.3d 3, 8 OBR 73, 455 N.E.2d 1276, to obviate the requirement of privity of contract under the instant circumstances. This court declines to do so.

█ {¶ 7} "The duty to perform in a workmanlike manner is imposed by common law upon builders and contractors." *Barton v. Ellis* (1986), 34 Ohio App.3d 251, 252, 518 N.E.2d 18, citing *Mitchem v. Johnson* (1966), 7 Ohio St.2d 66, 36 O.O.2d 52, 218 N.E.2d 594, and *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147. Although the Fabers alleged that Chaffman breached its duty to perform in a workmanlike manner, they based that allegation on a duty arising out of contract. It has long been recognized that

"[a] plaintiff in an action for negligence, who bases his suit upon the theory of a duty owed to him by the defendant as a result of a contract must be a party or privy to the contract; otherwise he fails to establish a duty toward himself on

the part of the defendant, and fails to show any wrong done to himself." 38 Am.Jur. 662.

*Toman v. Pennsylvania RR. Co.* (1943), 51 N.E.2d 231, 233.

{¶ 8} The Ohio Supreme Court carved out a narrow exception to the privity requirement in negligence cases involving hidden defects brought by a subsequent buyer of real property against the builder-vendor. *McMillan* at syllabus. Accordingly, such cases sound in tort, rather than in contract. The high court analogized the purchase of a fully constructed home with latent defects to a products-liability action to justify shifting the burden of loss to the negligent builder-vendor, premising this narrow expansion of the law on the promotion of improved workmanship and accountability. Id. at 5, 8 OBR 73, 455 N.E.2d 1276. The *McMillan* court justified its holding that privity of contract is not a necessary element in suits by subsequent home buyers against builder-vendors by recognizing that the alternative would allow builder-vendors to insulate themselves from potential liability for latent defects by using "strawman" vendees. Id. That same reasoning is inapplicable to the instant situation, however.

{¶ 9} In 2001, the Ohio Supreme Court again addressed the issue of a claim for breach of a builder-vendor's duty to construct a home in a workmanlike manner in *Kishmarton v. William Bailey Constr., Inc.* (2001), 93 Ohio St.3d 226, 754 N.E.2d 785. The Kishmartons contracted with Bailey for the construction of a new home. They moved into the home upon completion. Several months later, they experienced problems with leaking, and Bailey replaced portions of the gutter and made other attempts over the next several years to remedy the problem without success. The Kishmartons ultimately sued Bailey for breach of contract and breach of the implied duty to construct in a workmanlike manner. The Kishmartons prevailed, and Bailey appealed. The appellate court affirmed the judgment, but reduced a portion of the damages award. Because the appellate court found its judgment to be in conflict with three other appellate districts, it certified two questions to the Ohio Supreme Court. The relevant certified question for our purposes was the following:

"Where the vendee and builder-vendor enter into an agreement for the future construction of a residence, does the vendee's claim for breach of an implied duty to construct the house in a workmanlike manner arise ex contractu or ex delicto?"

Id. at 228, 754 N.E.2d 785.

{¶ 10} The *Kishmarton* court noted its prior holding in *Velotta*, 69 Ohio St.2d at paragraph one of the syllabus, that " '[a]n action by a vendee against the builder-vendor of a *completed residence* for damages proximately caused by failure to construct in a workmanlike manner using ordinary care—*a duty imposed by law*—is an action in tort * * *.' (Emphasis sic.)" *Kishmarton*, 93

Ohio St.3d at 228, 754 N.E.2d 785. It distinguished the situation where a vendee buys a completed home from the situation where a vendee contracts to buy a home to be completed in the future. In the latter situation, the *Kishmarton* court held that the duty to construct in a workmanlike manner arises ex contractu (out of the contract), rather than ex delicto (from a wrong). Id. at paragraph one of the syllabus. Accordingly, while a vendee of a preconstructed home has a negligence (tort) claim against a builder-vendor for unworkmanlike construction, the vendee of a home, the construction of which he contracted, must pursue his claims pursuant to contract law. Had the *Kishmarton* court wished to expand its holding in *McMillan* to cover this type of situation, it could have. Its decision not to do so emphasizes the specific rationale for the limited exception in *McMillan*.

{¶ 11} The holding in *Kishmarton* has been interpreted to apply to the remodeling and repair of existing structures, as well. See *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66, at fn. 1. In such cases, the consideration for the purchase price is the services to be performed by the contractor, rather than the structure, i.e., a finished product. See *Kishmarton*, 93 Ohio St.3d at 228, 754 N.E.2d 785. The concern in *McMillan* that a contractor could manipulate the sale of services to an intervening party to escape potential liability is nonexistent under these circumstances.

{¶ 12} The Fabers make no compelling argument for the expansion of the limited exception in *McMillan*. The Fabers argue that the Supreme Court has developed a "history of relaxing the strictures of privity and extending the protections afforded to consumers who are harmed by a defendant's negligence." The high court's obviation of the requirement of privity has been confined to cases of product liability and the purchase of fully constructed real property from a builder-vendor who might unscrupulously attempt to escape potential liability for unworkmanlike construction by selling to a "strawman" vendee who would then sell to the intended customer class. The Supreme Court declined to further "relax[ ] the strictures of privity" when it addressed a situation involving a contract for the future construction of a home by a builder-vendor. See *Kishmarton*.

{¶ 13} "As a general rule, if a plaintiff brings an action sounding in tort and bases his claim upon a theory of duty owed by a defendant as a result of contractual relations, he must be a party or privy to the contract in order to prevail." *Vistein v. Keeney* (1990), 71 Ohio App.3d 92, 106, 593 N.E.2d 52, citing 70 Ohio Jurisprudence 3d (1986) 60, Negligence, Section 18. The Fabers do not dispute the trial court's finding that they were not in privity with Chaffman in regard to the reconstruction of the roof. In light of the Ohio Supreme Court's refusal to extend the limited exception to the privity requirement set forth in

1983 in *McMillan,* this court declines to create any further extensions in the absence of compelling reasoning. Accordingly, the trial court did not err by dismissing the complaint for failure to state a claim upon which relief could be granted in the absence of an allegation of privity between the Fabers and Chaffman. The Fabers' sole assignment of error is overruled.

### III

{¶ 14} The sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

WHITMORE, J., concurs.

BELFANCE, J., concurs in judgment only.

BELFANCE, Judge, concurring in judgment only.

{¶ 15} I concur in the judgment of this case. The Fabers filed a complaint for breach of contract. The Fabers made no mention of negligence or any elements of negligence in their complaint. The trial court concluded that Fodor's assignment of the contract to the Fabers failed to create privity between themselves and Chaffman. The Fabers do not challenge that finding on appeal and thus, this court is bound by it. "As a general rule, if a plaintiff brings an action sounding in tort and bases his claim upon a theory of duty owed by a defendant as a result of contractual relations, he must be a party or privy to the contract in order to prevail." *Vistein v. Keeney* (1990), 71 Ohio App.3d 92, 106, 593 N.E.2d 52. As the Fabers' only claim was a claim for breach of contract, and based upon the unchallenged conclusion of the trial court, the parties were not in privity, the Fabers could not succeed on their breach-of-contract claim. Therefore, the trial court did not err in dismissing their complaint.

{¶ 16} It is thus unnecessary to decide whether the holding of *McMillan v. Brune–Harpenau–Torbeck Builders, Inc.* (1983), 8 Ohio St.3d 3, 8 OBR 73, 455 N.E.2d 1276, is applicable to the facts of the instant case, as the Fabers do not state a claim for negligence in their complaint.

{¶ 17} The Supreme Court of Ohio held in *McMillan* that "[p]rivity of contract is not a necessary element of an action in *negligence* brought by a vendee of real property against the builder-vendor." (Emphasis added.) Id. at syllabus. The Fabers argue on appeal that the trial court erred in not extending the holding of *McMillan* to include the facts of their case. However, as the Fabers did not allege in their complaint that Chaffman or his company was negligent, *McMillan* is inapplicable on its face.