[Cite as *Taylor v. Honda Motorcars, Inc.*, 2019-Ohio-1891.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| ERIC TAYLOR, ET AL., | : | |
| Plaintiffs-Appellants, | : | No. 107840 |
| v. | : | |
| HONDA MOTORCARS, INC. | : | |
| Defendant-Appellee. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 16, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-896286

### *Appearances:*

Gilbert W.R. Rucker, III, *for appellants.*

The Gertsburg Law Firm, Mark M. Turner, Nicholas P. Weiss, and Cynthia M. Menta, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Plaintiffs-appellants Eric and Marcia Taylor, individually and on behalf of their minor daughter, (collectively, "the Taylors") appeal from a decision of the Cuyahoga County Court of Common Pleas granting summary judgment in

favor of defendant-appellee Honda Motorcars, Inc. ("Motorcars") on the Taylors' claim for breach of contract. For the reasons that follow, we affirm the trial court.

**Factual and Procedural Background**

{¶ 2} On October 9, 2017, Eric Taylor leased a 2017 Honda Accord from Motorcars pursuant to a closed-end vehicle lease agreement (the "lease agreement"). Eric Taylor was the only lessee listed on the lease agreement. Eric Taylor took possession of the vehicle at approximately 7:00 p.m. on October 9. Unbeknownst to the Taylors, a couple hours earlier, another Honda Accord had been stolen from the dealership. Motorcars contacted the police, reporting that the vehicle had been stolen. Due to an error by Motorcars, the vehicle leased by Eric Taylor was assigned the same temporary license plate as the vehicle that had been stolen.

{¶ 3} At some point after Eric Taylor leased the vehicle, Marcia Taylor was driving the vehicle.[1] The Taylors' minor daughter was a passenger in the vehicle. Because the temporary license plate on the vehicle leased by Taylor matched the temporary license plate on the stolen vehicle, police pulled over the vehicle and detained Marcia Taylor and the Taylors' daughter. The error was discovered and no criminal charges were filed against the Taylors.

---

[1] There is nothing in the record that indicates the date on which this occurred. In their brief, the Taylors assert that this occurred while she was driving her daughter to elementary school.

{¶ 4} Shortly thereafter, Eric Taylor returned the leased vehicle to the dealership. Motorcars returned the money Eric Taylor had paid under the lease agreement and the parties mutually terminated the agreement.

{¶ 5} On April 16, 2018, Eric and Marcia Taylor, individually and on behalf of their minor daughter, filed a complaint in the Cuyahoga County Court of Common Pleas, asserting claims of breach of contract, defamation per se/defamation, false arrest/seizure, negligence/negligence per se and punitive damages against Motorcars. The Taylors alleged that Motorcars was negligent in "mis-assign[ing]" the temporary license plate to the leased vehicle, that Motorcars placed the temporary license plate of the stolen vehicle on the leased vehicle "with a total and reckless disregard for the truth and the safety of the Taylors," and that Motorcars breached the leased agreement when it "caused the vehicle to be seized by officers as a result of defendants negligently placing a faulty temporary tag upon the vehicle of the Taylor's [sic]." The Taylors also alleged that Marcia Taylor had been "placed in handcuffs[,] humiliated and embarrassed before the public as a result of [Motorcars'] negligence and defamatory conduct," that Motorcars caused Marcia Taylor and their daughter to be "seized by local [p]olice and detained against their will" and that Motorcars had breached a statutory duty it owed to the Taylors under R.C. 4503.182 "to ensure a clear right to Plaintiff to possess and operate the vehicle." The Taylors claimed that, as a result of Motorcars' actions, they had "suffered economic damages resulting from the loss of use of the automobile," that "the lives of * * * Marcia Taylor and her minor daughter were placed at great risk" and that the

Taylors "suffer[ed] severe emotional distress to this day and into the indefinite future." The Taylors sought to recover compensatory damages in excess of $25,000, punitive damages, attorney fees and costs.

{¶ 6} On April 25, 2018, Motorcars filed a motion to dismiss the complaint pursuant to Civ.R. 12(B)(6). Motorcars argued that (1) the Taylors' breach of contract claim was barred because it failed to attach a copy of the lease agreement to the complaint as required under Civ.R. 10(D)(1); (2) an absolute privilege to report criminal activity shielded Motorcars from liability on the Taylors' defamation claim; (3) the Taylors' false arrest/seizure claim could only be brought against the persons making the arrest; (4) the Taylors' negligence claim failed because R.C. 4503.182, which outlines the procedure for a person purchasing a motor vehicle to obtain a temporary license placard or windshield sticker, did not give rise to a duty on the part of Motorcars to "ensure a clear right to Plaintiff to possess and operate the vehicle" and because Ohio does not recognize a cause of action for negligent misidentification and (5) there is no independent cause of action for punitive damages under Ohio law.

{¶ 7} In response to Motorcars' motion to dismiss, the Taylors filed a motion to supplement their complaint pursuant to Civ.R. 10(D) with a copy of the lease agreement. The Taylors did not otherwise timely oppose Motorcars' motion to dismiss. On May 9, 2018, after "carefully review[ing]" Motorcars' arguments, the trial court granted Motorcars' motion to dismiss on all counts except the claim for breach of contract. With respect to the breach of contract claim, the trial court

denied the Taylors' motion to supplement because the copy of the lease agreement they had attached to the motion was illegible but indicated that it would not dismiss the breach of contract claim on that basis because it anticipated that "a clean copy of the lease agreement can very likely be obtained through minimal written discovery."

{¶ 8} The Taylors filed a combined motion to vacate judgment, motion for reconsideration and motion for leave to file an opposition to Motorcars' motion to dismiss instanter, asserting that the Taylors' counsel had miscalculated the deadline for filing an opposition to Motorcars' motion to dismiss because he was unfamiliar with the local rules. Motorcars opposed the motion, arguing that the motion to vacate did not meet the requirements of Civ.R. 60(B) and that the motion for reconsideration was a "legal nullity." The trial court denied the Taylors' combined motion.[2]

{¶ 9} Motorcars filed an answer, denying the material allegations of the complaint and asserting various affirmative defenses.

{¶ 10} On August 9, 2018, Motorcars filed a motion for summary judgment on the breach of contract claim. Motorcars argued that the Taylors could not prevail on their breach of contract claim as a matter of law because: (1) the Taylors had not suffered any economic damages given that all amounts paid by Eric Taylor pursuant

---

[2] The Taylors have not assigned as error the trial court's granting of Motorcars' motion to dismiss or the trial court's denial of its combined motion to vacate judgment, motion for reconsideration and motion for leave to file an opposition to Motorcars' motion to dismiss instanter in this appeal.

to the lease agreement were returned by Motorcars; (2) a plaintiff cannot recover emotional distress damages on a breach of contract claim under Ohio law and (3) Marcia Taylor and the Taylors' daughter were not parties to the lease agreement and, therefore, lack standing to assert a claim for breach of contract. In support of its motion, Motorcars submitted an affidavit from Brian Zent, manager and custodian of records for Motorcars. In his affidavit, Zent stated that, due to "an administrative error," Motorcars had placed an incorrect temporary license plate on the vehicle leased by Eric Taylor; that sometime between October 9 and October 12, 2017, Eric Taylor returned the leased vehicle to Motorcars, Motorcars refunded all the money Eric Taylor paid pursuant to the lease agreement and the parties mutually terminated the lease agreement and that a true and accurate copy of the lease agreement was attached to the affidavit.

{¶ 11} The Taylors opposed the motion. They argued that (1) there was a genuine issue of material fact as to whether Marcia Taylor and the Taylors' daughter were intended third-party beneficiaries of the lease agreement who were entitled to sue Motorcars for its alleged "lack of performance" under the agreement and (2) emotional distress damages are recoverable for breach of contract under Ohio law.[3] In support of their opposition, they attached affidavits from Eric and Marcia Taylor. In his affidavit, Eric Taylor avers:

---

[3] We note that both the copy of the Taylors' opposition to summary judgment that is in the paper record and the copy of the document accessible through the court's electronic docket appear to be incomplete, missing one or more pages.

1. That I am one named plaintiff in the action caption [sic] Eric Taylor vs Honda Motorcars Inc.

2. That on or about October 9, 2017 I leased with my wife a 2017 Honda Accord to be used for the benefit of my family[.]

3. That as a direct disregard for the safety of my family the defendant not only breached the contract but took intentional action and created a situation placing my family in danger of foreseeable harm by law enforcement agencies.

4. That my wife Marcia Taylor was a known and intended third-party beneficiary of the contract between myself and Honda Motorcars LLC [sic][.]

5. That the defendant, or the defendants [sic] agent or representative, knew that the vehicle was being obtained for my wife's principal mode of transportation[.]

6. That as a result of the conduct of the defendant, as well as the breach of its contract, my spouse Marcia Taylor as well as my minor daughter had to seek medical attention for the emotional stress suffered by their arrest and detention[.]

7. That to this day[,] I witness the effects of the injuries suffered by my spouse Marcia Taylor as a result of her arrest and detention due to the contract and actions of the defendant.

{¶ 12} In her affidavit, Marcia Taylor avers:

1. That I am one named plaintiff in the action caption [sic] Eric Taylor vs Honda Motorcars Inc.

2. That on or about October 9, 2017 I accompanied my husband Eric Taylor to select and lease a 2017 Honda Accord to be used for the benefit of my family[.]

3. That as a direct disregard for the safety of my family the defendant not only breached the contract but took intentional action and created a situation placing myself and my minor child in danger of foreseeable harm by law enforcement agencies as we were arrested and detained for our vehicle having been reported stolen by the Defendant[.]

4. That it was clear that I was the known and intended third-party beneficiary of the contract between my husband and Honda Motorcars Inc.

5. That the defendant, or the defendant's agent or representative, knew that the vehicle was being obtained for my principal mode of transportation[.]

6. That as a result of the conduct of the defendant, as well as the breach of its contract, I as well as my minor daughter had to seek medical attention for the emotional stress suffered by their [sic] arrest and detention[.]

7. That to this day[,] I witness the effects of the injuries suffered by myself and my minor child as a result of our arrest and detention due to the contract and actions of the defendant.

{¶ 13} On October 16, 2018, the trial court granted Motorcars' motion for summary judgment, reasoning as follows:

Defendant has supported its motion with admissible evidence and concise compelling legal arguments. Plaintiffs, by contrast, have not come forward with competent, admissible evidence suggesting that there is a genuine issue for trial. Defendant's motion for summary judgment is well taken and is therefore granted.

{¶ 14} The Taylors appealed, raising the following assignment of error for review:

The trial court erred by granting appellee's motion for summary judgment despite the existence of genuine issues of material fact that reasonable minds could come to more than one conclusion that is not adverse to the appellant-plaintiffs.

**Law and Analysis**

**Standard of Review**

{¶ 15} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671

N.E.2d 241 (1996). We accord no deference to the trial court's decision and conduct an independent review of the record to determine whether summary judgment is appropriate.

{¶ 16} Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

{¶ 17} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

{¶ 18} The Taylors contend that the trial court erred in granting Motorcars' motion for summary judgment on their breach of contract claim because: (1) there is a genuine issue of material fact as to whether Marcia Taylor and the Taylors' minor daughter were intended third-party beneficiaries of the lease agreement entitled to sue Motorcars for its breach of the lease agreement and (2) the Taylors had

sustained "both emotional distress and expectations damages" as a result of Motorcars' breach of contract.

### Intended Third-Party Beneficiaries

{¶ 19} Only an intended third-party beneficiary has enforceable rights under a contract to which he or she is not a party; an incidental third-party beneficiary does not. *TRINOVA Corp. v. Pilkington Bros., P.L.C.*, 70 Ohio St.3d 271, 277, 638 N.E.2d 572 (1994); *see also Grant Thornton v. Windsor House, Inc.*, 57 Ohio St.3d 158, 161, 566 N.E.2d 1220 (1991) ("Only a party to a contract or an intended third-party beneficiary of a contract may bring an action on a contract in Ohio."). In *Hill v. Sonitrol of S.W. Ohio, Inc.*, 36 Ohio St.3d 36, 40, 521 N.E.2d 780 (1988), the Ohio Supreme Court adopted Section 302 of the Restatement of the Law 2d, Contracts (1981), regarding intended and incidental third-party beneficiaries. That section provides:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either
>
> (a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
>
> (b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
>
> (2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

*Id.* at 439-440. Comment e to Section 302 states:

> Performance of a contract will often benefit a third person. But unless the third person is an intended beneficiary as here defined, no duty to him is created. * * *

*Id.*

{¶ 20} For a third party to be an intended beneficiary of a contract under Ohio law, "there must be evidence that the contract was intended to directly benefit that third party." *Huff v. FirstEnergy Corp.*, 130 Ohio St.3d 196, 2011-Ohio-5083, 957 N.E.2d 3, ¶ 12; *see also Koster v. Mohammed Chowdhury*, 8th Dist. Cuyahoga No. 103489, 2016-Ohio-5704, ¶ 8 ("In order for a third person to enforce a promise made for that person's benefit, it must appear that the contract was made and entered into directly or primarily for the benefit of such third person.").

{¶ 21} Ohio courts apply an "intent to benefit" test in determining whether a third party is an intended or incidental beneficiary:

> "Under this analysis, if the promisee * * * intends that a third party should benefit from the contract, then that third party is an 'intended beneficiary' who has enforceable rights under the contract. If the promisee has no intent to benefit a third party, then any third-party beneficiary to the contract is merely an 'incidental beneficiary,' who has no enforceable rights under the contract.
>
> * * * [T]he mere conferring of some benefit on the supposed beneficiary by the performance of a particular promise in a contract [is] insufficient; rather, the performance of that promise must also satisfy a duty owed by the promisee to the beneficiary."

*Hill* at 40, quoting *Norfolk & Western Co. v. United States*, 641 F.2d 1201, 1208 (6th Cir.1980); *see also TRINOVA* at 277-278 (Under the intent-to-benefit test, "there must be evidence, on the part of the promisee, that he intended to directly benefit a third party, and not simply that some incidental benefit was conferred on an

unrelated party by the promisee's actions under the contract. There must be evidence that the promisee assumed a duty to the third party.").

{¶ 22} "Generally, the parties' intention to benefit a third party will be found in the language of the agreement." *Huff* at ¶ 12, 22 ("[F]or an injured third party to qualify as an intended third-party beneficiary under a written contract, the contract must indicate an intention to benefit that third party."); *see also Meinert Plumbing v. Warner Indus.*, 2017-Ohio-8863, 90 N.E.3d 966, ¶ 54 (8th Dist.). Although there is no requirement that the intended third-party beneficiary be expressly identified in the contract, the contract must be shown to have been made and entered into with the intent to benefit that individual. *See, e.g., Heintschel v. Montgomery*, 6th Dist. Lucas No. L-10-1060, 2010-Ohio-6519, ¶ 30; *Bungard v. Dept. of Job & Family Servs.*, 10th Dist. Franklin No. 07AP-447, 2007-Ohio-6280, ¶ 23.

{¶ 23} The Taylors claim that Marcia Taylor and the Taylors' minor daughter were third-party beneficiaries of the lease agreement because Eric Taylor leased the vehicle for their use. In their brief, they contend that they met their burden under Civ.R. 56 — and showed the existence of "an overwhelming and genuine material issue of fact" as to whether they were intended third-party beneficiaries of the lease agreement — based on their assertions "that they had advised the Defendant employee that the vehicle was for the use of Mrs. Taylor as the family vehicle and the fact that Mrs. Taylor was intimately involved in the process of selection and ultimate purchase [sic] of this vehicle."

{¶ 24} The only evidence the Taylors offered in support of their breach of contract claim was the affidavits they attached to their opposition to Motorcars' motion for summary judgment. Neither of these affidavits sets forth any facts regarding the purpose for which the vehicle was being leased, any statements made to Motorcars regarding the purpose for which the vehicle was being leased, any facts suggesting that Marcia Taylor was "intimately involved in the process of selection" or the "ultimate purchase of this vehicle" or any other facts indicating that the lease agreement was made and entered into with the direct or primary intent to benefit Marcia Taylor and the Taylors' minor daughter. As detailed above, the Taylors simply averred in their affidavits that Marcia Taylor was "a known and intended third-party beneficiary" of the lease agreement and that Motorcars or its agent or representative "knew that the vehicle was being obtained for [Marcia Taylor's] principal mode of transportation" — without any explanation or reference to any underlying, supporting facts.

{¶ 25} An affidavit submitted on summary judgment must contain more than general, conclusory assertions to create a genuine issue of material fact for trial:

> "'Generally, a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party.'"

*Jochum v. Listati*, 8th Dist. Cuyahoga No. 106957, 2019-Ohio-166, ¶ 19, quoting

*Davis v. Cleveland*, 8th Dist. Cuyahoga No. 83665, 2004-Ohio-6621, ¶ 23, quoting

*Bell v. Beightler*, 10th Dist. Franklin No. 02AP-569, 2003-Ohio-88, ¶ 33. Accordingly, the Taylors' affidavits are insufficient to create a genuine issue of material fact as to whether Marcia Taylor and the Taylors' minor child were intended third-party beneficiaries entitled to recover for breach of the lease agreement.

{¶ 26} Even if the Taylors' affidavits were sufficient to meet their burden under Civ.R. 56, and demonstrated the existence of a genuine issue of fact regarding Marcia Taylor and her daughter's status as intended third-party beneficiaries of the lease agreement, we would still find that the trial court properly entered summary judgment in favor of Motorcars on their breach of contract claim because the Taylors have not offered any evidence showing that they sustained any recoverable damages as a result of Motorcars' alleged breach of contract.

### Damages for Breach of Contract

{¶ 27} The Taylors also contend that the trial court erred in granting Motorcars' motion for summary judgment because they sustained emotional distress and "expectation damages" as a result of Motorcars' breach of contract, both of which they contend are recoverable on a breach of contract claim under Ohio law.

{¶ 28} Turning first to the Taylors' claim that they are entitled to recover damages for their alleged emotional distress arising from Motorcars' breach of contract, we note that "Ohio recognizes a closely-circumscribed set of contractual breaches from which damages for emotional distress may * * * be recovered." *Clay v. Shriver Allison Courtley Co.*, 7th Dist. Mahoning No. 17 MA 0003, 2018-Ohio-5406, ¶ 20. Under Ohio law, emotional distress damages are not generally allowed

for a breach of contract. A plaintiff can recover damages for emotional distress on a breach of contract claim only if (1) the breach of contract also caused bodily harm or (2) "the contract or the breach is of such a type that serious emotional disturbance was a particularly likely result." *Kishmarton v. William Bailey Constr., Inc.*, 93 Ohio St.3d 226, 754 N.E.2d 785 (2001), paragraph two of the syllabus; *see also Allen v. Lee*, 43 Ohio App.3d 31, 34, 538 N.E.2d 1073 (8th Dist.1987); *Brown Deer Restaurant v. New Market Corp.*, 8th Dist. Cuyahoga No. 48910, 1985 Ohio App. LEXIS 7533, 16 (Mar. 28, 1985); *Watershed Mgmt., L.L.C. v. Neff*, 4th Dist. Pickaway No. 10CA42, 2012-Ohio-1020, ¶ 46; *Powell v. Grant Med. Ctr.*, 148 Ohio App.3d 1, 10-11, 771 N.E.2d 874 (10th Dist.2002).

{¶ 29} In *Kishmarton*, upon which the Taylors rely, the Ohio Supreme Court considered whether emotional distress damages were recoverable in a breach of contract action by a vendee against a builder-vendor. *Kishmarton* at 230. The court adopted Section 353 of the Restatement of the Law 2d, Contracts (1981), and held that

> [w]hen [a] vendee's claim for breach of an implied duty to construct a house in a workmanlike manner is successful, recovery for emotional distress damages will be excluded unless the breach also caused bodily harm or the contract or the breach is of such a kind that serious emotional distress was a particularly likely result.

*Id.* at paragraph two of the syllabus. In that case, the court reversed an award of $19,000 for loss of enjoyment, annoyance and discomfort and held that, on the record before the court, it was "not possible for [the plaintiffs] to establish damages pursuant to Section 353." *Id.* at 230.

{¶ 30} With respect to identifying what contracts are "of such a type that serious emotional disturbance [may be] a particularly likely result" of a breach, Comment a to Section 353 of the Restatement of the Law 2d, Contracts, states:

> Common examples are contracts of carriers and innkeepers with passengers and guests, contracts for the carriage or proper disposition of dead bodies, and contracts for the delivery of messages concerning death. Breach of such a contract is particularly likely to cause serious emotional disturbance. Breach of other types of contracts, resulting for example in sudden impoverishment or bankruptcy, may by chance cause even more severe emotional disturbance, but, if the contract is not one where this was a particularly likely risk, there is no recovery for such disturbance.

3 Restatement of the Law 2d, Contracts, Comment a (1981); *see also Brown Deer Restaurant*, 1985 Ohio App. LEXIS 7533, at 16 ("Contracts involving funeral services, the communication of critical messages, and other emotionally charged activities may justify damages for an emotional response to a breach. * * * An emotional response may be within the parties' reasonable expectations from a material breach of such contracts.").

{¶ 31} The lease agreement in this case does not meet any of the recognized exceptions that would allow the Taylors to recover for emotional distress arising from a breach of contract. The Taylors do not claim that they suffered any bodily harm as a result of Motorcars' alleged breach of the lease agreement. The lease agreement was not "personal in nature" or otherwise of "such a type that serious emotional disturbance was a particularly likely result" of a breach of the lease agreement. *Compare Stockdale v. Baba*, 153 Ohio App.3d 712, 2003-Ohio-4366, 795 N.E.2d 727, ¶ 105 (10th Dist.) (emotional distress damages recoverable for

breach of settlement agreement based on stalking charges), with *Allen v. Lee*, 43 Ohio App.3d 31, 34, 538 N.E.2d 1073 (8th Dist.1987) (residential lease "lacks that special emotional significance" required to recover emotional distress damages for breach of contract).  The Taylors have not pointed to any authority supporting the recovery of emotional distress damages on a breach of contract claim under similar circumstances.

{¶ 32} The Taylors also contend that the trial court improperly granted Motorcars' motion for summary judgment because they sustained "expectation damages" as well as emotional distress damages on their breach of contract claim. They assert that the trial court erred in granting summary judgment because, at the summary judgment stage, "the issue is [n]ot the amount of recovery but is whether there is recovery allowed under the law."

{¶ 33} However, simply because there are other forms of damages a plaintiff could potentially recover for breach of contract does not mean the Taylors are entitled to recover such damages for the alleged breach of the lease agreement in this case.  The Taylors do not identify or describe their alleged "expectation damages" in their brief.  The Taylors made no argument below that they had sustained any damages other than emotional distress damages as a result of Motorcars' breach of contract and produced no evidence of any such damages in their opposition to Motorcars' motion for summary judgment.  An appellant cannot raise for the first time on appeal arguments he or she failed to raise in the trial court below.  *See, e.g., Bank of Am., N.A. v. Michko*, 8th Dist. Cuyahoga No. 101513, 2015-

Ohio-3137, ¶ 28.  Furthermore, there is no evidence in this case that the Taylors, in fact, sustained any such damages.  The Taylors' affidavits contain no reference to any damages or injury other than emotional distress.

{¶ 34} Following a thorough, independent review of the record, viewing the evidence in the light most favorable to the Taylors, we conclude that the trial court properly granted summary judgment in favor of Motorcars on the Taylors' breach of contract claim.  Motorcars met its burden under Civ.R. 56(C), presenting evidence of specific facts in the record demonstrating its entitlement to summary judgment.  The Taylors, however, failed to meet their reciprocal burden to put forth evidence of specific facts demonstrating the existence of a genuine issue of material fact for trial.

{¶ 35} Judgment affirmed.

It is ordered that appellee recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., CONCURS;
LARRY A. JONES, SR., J., CONCURS IN JUDGMENT ONLY